13 So.2d 561
**REDUS v. WILLIAMS, Warden.**
3 Div. 395.

Supreme Court of Alabama.
June 1, 1943.

Rehearing and Stay Denied June 14, 1943.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for appellee.

GARDNER, Chief Justice.

This appeal is from an order of the circuit judge denying petitioner his release from custody and discharging the writ theretofore issued. Petitioner was duly tried and convicted for the offense of murder in the first degree with infliction of the death penalty. Upon consideration of his appeal to this Court and treatment in the opinion of all questions argued by his counsel, as well as those the Court considered worthy of notice, the conclusion was reached that defendant "had a fair trial and that no reversible error intervened." Redus v. State, 243 Ala. 320, 9 So.2d 914, 921. Petition to the Supreme Court of the United States was denied. 318 U.S. 724, 63 S.Ct. 771, 87 L.Ed. ——. This petition for writ of habeas corpus followed.

In view of what was said in the appeal of Johnson v. Williams ante, p. 391, 13 So.2d 683, this day decided, we feel that the present appeal requires only very brief treatment. It is clear enough the petition

Walter S. Smith, of Birmingham, for appellant.

merely seeks in effect a re-trial of his case, and the authorities cited in the Johnson case suffice to show such is not the function of a writ of habeas corpus. It is not a revisory remedy and cannot be made to answer the purposes of an appeal, certiorari, or writ of error. Ex parte Bizzell, 112 Ala. 210, 21 So. 371; Johnson v. Williams, supra; Adams v. United States, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. ——.

█ Grounds of the petition, numbers 6, 7, 8, 9 and 10, are sufficiently answered in the opinion of this Court rendered on appeal. Ground number 5 is rested solely upon the alleged fact the verdict was written in red ink or pencil and clearly needs no further mention. Grounds 1, 2, 3 and 4, relate to the matter of jury venire. No such question was presented upon the trial of defendant in the Circuit Court of Limestone County. There is no pretense the defendant was not ably represented by counsel of his own choice, and the authorities noted in Johnson v. Williams, supra, fully disclose this was a matter available to defendant in that case upon his trial.

█ The only differentiating feature as to the instant case and that of Johnson v. Williams is that the record here on appeal discloses that the question of the jury venire formed one of the grounds on motion for a new trial. But that difference in no way affects the principle involved. The following statement found in the opinion in Vernon v. State, 239 Ala. 593, 196 So. 96, 99, not only supported by the authorities generally, but finds support in logic and common sense:

"So, also, that objections going to the venire of the petit jury or any member thereof, must be made before entering upon the trial of the case on its merits under the defendant's plea of not guilty, and a failure to make such objections constitutes a waiver. Peterson v. State, 227 Ala. 361, 150 So. 156. This rule has its exceptions as when the defendant is misled by the false oath and fraud of a venireman, and thereby induced to accept such venireman on the jury. 20 R.C.L. 242, § 27.

"It is not permissible for the defendant, who has not been so misled, to participate in the selection of the jury without objections, speculate on winning a favorable verdict, and failing to do so, allow him to raise such questions on a motion for new trial. Simpson v. Golden, 114 Ala. 336, 21

So. 990; Hoskins v. Hight, 95 Ala. 284, 11 So. 253; Barron v. Robinson, et al., 98 Ala. 351, 13 So. 476; Fulwider v. Jacob, 221 Ala. 124, 127 So. 818.

"We observe that there is nothing in the record going to show that defendant and his counsel were not fully informed and had knowledge of the facts averred in said several grounds when he entered his plea and entered upon the trial. See Fulwider v. Jacob, supra."

This language fiinds apt application to the instant case.

██ What has herein been said concerning the remedy by petition for a writ of habeas corpus as applicable to this case applies also to a petition for leave to seek a writ of error coram nobis. And with the purpose of facilitating a final determination of this litigation, we treat the petition, as we did in the Johnson case, as one seeking leave to. file a petition in the trial court of Limestone County for a writ of error coram nobis. So considered, we are clear to the view no such prima facie case is made out for granting any leave to that end and that the petition should be denied. Our discussion of this question in Johnson v. Williams, supra, suffices all purposes here and need not be repeated.

The order of the circuit judge denying the petition for writ of habeas corpus is due to be affirmed, and petition for leave to apply for a writ of error coram nobis is due to be denied.

Affirmed.

Petition denied.

All Justices concur, except LAWSON, J., not sitting.