152 So.2d 442

**Cecil J. THORNBURG**

v.

**STATE.**

**7 Div. 710.**

Court of Appeals of Alabama.

March 12, 1963.

Rehearing Denied April 9, 1963.

Huel M. Love, Talladega, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant, Cecil J. Thornburg, was, on February 12, 1962, tried and convicted in the Circuit Court of Clay County, Alabama, of the offense of manufacturing prohibited liquors or beverages.

On August 23, 1962, appellant filed his petition in the Circuit Court of Clay County, for writ of error coram nobis. The ground of the petition insisted upon is that under the evidence the defendant would have been entitled to the general affirmative charge as to the distilling count of the indictment, provided it had been requested on the trial, because the evidence tended to show a fire was burning under the still and its contents had begun to boil, but liquor was not running from it and there was no completed act of manufacturing whiskey.

The state filed a motion to dismiss the petition on the grounds, among others, that the petition seeks to establish matters which

were available to petitioner at the time of his trial and would not support a petition for error coram nobis.

The writ of error coram nobis was denied, the petition dismissed and petitioner appeals.

The record before us contains the evidence taken at the hearing on the petition for writ of error coram nobis, as well as the proceedings on the main trial, including the transcript of the evidence, which was introduced as petitioner's exhibit at the hearing.

The evidence taken at the hearing, the transcript of the evidence on the trial and the judgment of the court denying the petition for coram nobis show that petitioner was represented by employed counsel of his own choosing who was present throughout the trial, and until the verdict of the jury was returned finding the defendant guilty as charged in Count One of the indictment; that no written charges were requested, no notice of appeal was given at the time of sentence and no motion for new trial was filed.

The writ of error coram nobis does not lie to enable an accused to question the merits of the case or to correct an issue of fact which has been adjudicated, even though wrongly determined. Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; Seals v. State, 271 Ala. 622, 126 So.2d 474; Thomas v. State, Ala., 150 So.2d 387.

The matters and things complained of in the petition were known to appellant and his attorney at the time of his trial. The writ is not intended to relieve a party from his own negligence. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; Allison v. State, 273 Ala. 223, 137 So.2d 761.

We are of the opinion the petitioner is not entitled to relief by writ of error coram nobis. There was no error in denying the writ and dismissing the petition.

Affirmed.