184 So.2d 823

Orange BUTLER

v.

STATE of Alabama.

1 Div. 238.

Supreme Court of Alabama.

March 31, 1966.

Johnston, Johnston & Nettles, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

This is an appeal from a judgment granting motion of the State to dismiss a petition for writ of error coram nobis. Appellant was represented in the circuit court by court-appointed counsel who also represents him on this appeal. Free transcript of the proceeding below was ordered furnished by the court, and is before us. The appointed attorney has filed brief in this court; he did not, however, prepare the petition filed in the circuit court. Whether appellant himself prepared the petition—which is doubtful—it is signed in his name, and shows the date of filing in the circuit court as May 11, 1964.

Petitioner first sought a transcript of the evidence on his main trial, to which

he was not entitled, under the statute, in this proceeding or on this appeal. Allison v. State, 273 Ala. 223, 137 So.2d 761, cert. den. 369 U.S. 856, 82 S.Ct. 946, 8 L.Ed.2d 15.

■ There is the bare allegation that appellant claims inadequacy of counsel on the main trial, but he did not offer evidence to support the allegation. Conviction of a client does not prove lack of skill or zeal on the part of counsel. Echols v. State, 276 Ala. 489, 164 So.2d 486.

■ Another allegation is that petitioner is innocent of the offense for which he was convicted. Coram nobis does not serve the purpose of an appeal and does not lie to enable defendant to question the merits of the case. Thomas v. State, 274 Ala. 531, 150 So.2d 387; Ex parte Seals, 271 Ala. 622, 126 So.2d 474, cert. den. Seals v. State, 366 U.S. 954, 81 S.Ct. 1909, 6 L.Ed.2d 1246.

■ Finally, there is the one ground of the petition seriously insisted upon, which is: "Petitioner alleges that he was indicted by a defected [sic] Grand Jury which was chosen in a County which practiced the systematic exclusion of negroes from the Jury Boxes. The Petitioner is a negro." This is far from charging that the alleged practice of the county deprived him of any constitutional right, and is not sufficient. Thomas v. State, supra.

Petitioner offered no evidence of any kind. The only evidence in this proceeding was that offered by the State, consisting of exhibits of documents and minute entries on file in the circuit court. There appears the indictment charging that Orange Butler "feloniously took one Nash automobile, the property of John Curtis McLain, from his person and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same." This indictment was returned the 13th day of January, 1942. Other exhibits show warrant and arrest, prompt appointment of an attorney prac-

ticing at the bar, due arraignment when defendant and his attorney were present, plea of not guilty, trial and conviction of robbery as charged and fixing of punishment at life imprisonment. It appears further that the presiding judge and prosecuting officer have since deceased, and that the court reporter has retired. Further, it is shown that there was no appeal taken in the case and hence no transcript of evidence is in the possession of the circuit court.

■■ Able counsel representing appellant rely upon two decisions emanating from the U. S. Circuit Court of Appeals, to the effect that the systematic exclusion of negroes from the grand jury *that indicts a negro* is a violation of the defendant's constitutional rights, which was not waived on habeas corpus proceeding by failure to raise the issue on the trial. United States ex rel. Seals v. Wiman, 5 Cir., 304 F.2d 53; United States ex rel. Goldsby v. Harpole, 5 Cir., 263 F.2d 71. These decisions are neither controlling nor persuasive here. In the first place, the petition is not sufficient to invoke the jurisdiction of the court to grant the writ. In the second place, nothing is shown to excuse failure on the part of appellant, for more than twenty years, to seek any relief he may have had. The writ of error coram nobis is not intended to relieve a party from his own negligence. Thornburg v. State, 42 Ala. App. 70, 152 So.2d 442; Allison v. State, 273 Ala. 223, 137 So.2d 761, cert. den. 369 U.S. 856, 82 S.Ct. 946, 8 L.Ed.2d 15; Ex parte Dorch, 41 Ala.App. 505, 137 So.2d 59.

■ In this case appellant was charged by indictment with the common law offense of robbery, carrying the statutory penalty of death or imprisonment. Certainly his attorney must have been aware of the possibility of the death penalty in such a case and, we may suppose, informed defendant of this fact. The probability is that defendant was satisfied to· have a prison sentence. Why he waited over a

score of years to question the sentence we can only surmise. It is enough to say that having delayed until the principal actors in the trial had died, until witnesses, too, may have died or removed, until proof or disproof of his right to relief is improbable, the fault is appellant's own. To excuse this would make shipwreck of orderly procedure in the courts. It is axiomatic that a right not seasonably demanded is not a right denied. To excuse the failure to act in this case would make the bare assertion of a breach of right the basis for re-opening criminal trial, however long ago determined.

The judgment dismissing the petition is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.