189 So.2d 870

**Othie SENN**

**v.**

**STATE.**

**4 Div. 554.**

Court of Appeals of Alabama.

Aug. 16, 1966.

———◇———

T. E. Buntin, Jr., Dothan, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

324

JOHNSON, Judge.

In October, 1959, appellant was tried and convicted for the offense of grand larceny and sentenced to a term of eight years in the penitentiary as punishment therefor. An appeal was commenced by appellant but upon request by appellant it was dismissed. This is an appeal from the dismissal of a Petition for a Writ of Error Coram Nobis by the appellant filed in the Circuit Court of Houston County, Alabama, on July 20, 1965.

The first ground of the petition was that Judge Keener Baxley, Judge of the Twentieth Judicial Circuit of Alabama, was disqualified to preside over the trial of the appellant and to sentence him. At the trial, appellant was convicted of the offense of grand larceny and sentenced to a term of eight years in the penitentiary. The reason alleged for the disqualification is that Judge Baxley was Circuit Solicitor of the Twentieth Judicial Circuit of Alabama when the indictment was returned against appellant by the Grand Jury of Houston County, Alabama, at the August term of 1955.

At the beginning of the trial, Judge Baxley announced his disqualification to sit as the trial judge on the case. Before he could leave the court room to prepare a formal recusal, appellant and his attorney requested that Judge Baxley try the case. A written waiver of Judge Baxley's disqualification was signed by appellant. Appellant now claims:

"I did not competently and intelligently consent to Judge Baxley sitting as the trial Judge. In other words, I did not understandingly and knowingly waive, or acquiesce in the waiving of, any of my fundamental, constitutional or statutory rights, in the case whatsoever."

The judge presiding at the hearing on the petition for writ of error coram nobis states:

"This waiver was introduced in evidence on the trial of this Petition and the Court finds that it was fully understood by the Petitioner and his attorney, an able lawyer in the trial of criminal cases. The Court, therefore, is of the opinion that the Petitioner was fully aware of his rights, the nature of his undertaking in waiving Judge Baxley's disqualification and the consequence thereof and for this reason the court is of the opinion that the disqualification of the trial judge was waived by petitioner and Petitioner cannot now complaint [sic]."

Appellant further contends that the disqualification of a Judge may not be waived by the defendant in a criminal case, especially where such disqualification is founded on public policy. But the waiver which was signed by appellant was an instrument which appeared upon the face of the record and was known to the court and to appellant. Therefore, writ of error coram nobis is not a proper remedy to raise the question as to the disqualification of the trial judge. Smith v. State, 245 Ala. 161, 16 So.2d 315. Only a direct appeal or writ of error could raise the question as to whether or not appellant could as a matter of law waive the disqualification of the trial judge which is established by Sec. 6, and 124, Tit. 13, Code of Alabama, 1940 (Recomp.1958) and Sec. 160 of the Alabama Constitution of 1901. One may waive and does waive his constitutional rights if he intelligently fails to assert or claim them at the appropriate time and place, and according to the established course of procedure. Johnson v. Williams, 244 Ala. 391, 13 So.2d 683.

That petitioner had the perfect right to present a question of the trial judge's

disqualification upon an appeal from the judgment of the trial court is demonstrated by reference to Gill v. State, 61 Ala. 169; Salm v. State, 89 Ala. 56, 8 So. 66; State ex rel. Claunch v. Castleberry, 23 Ala. 85; Reeves v. State, 260 Ala. 66, 68 So.2d 14, reversed 348 U.S. 891, 75 S.Ct. 214, 99 L.Ed. 700. This ground of the petition is without merit.

On the day of the hearing the petition of appellant for a writ of error coram nobis was amended. The additional ground stated that appellant was denied the right to a speedy trial because he was arrested in May, 1955, indicted in August, 1955, and brought to trial in October, 1959. From May, 1955, until October, 1959, petitioner spent most, if not all, of the period in legal confinement. For a few days or a few hours he was in jail in Brundidge, Alabama. A few days were spent in the Houston County jail in Dothan, Alabama. For two years or more he was in Kilby Prison in Montgomery, Alabama. He spent part of this four years in the Federal Penitentiary in Atlanta, Georgia, but a careful reading of the record does not disclose just how long he stayed in the federal penitentiary. Apparently he was in the Federal Penitentiary at the time he was taken to Houston County for trial of the offense for which conviction he is now in prison.

After appellant amended his petition the appellee amended its motion to dismiss. The grounds of this amended motion are that petitioner waived his right to a speedy trial because at the time of arraignment he did not plead this defense.

One may waive and does waive his constitutional rights if he fails to assert or claim them at the appropriate time and place, and according too the established course of procedure. Johnson v. Williams, supra.

At the beginning of the trial the question of the disqualification of the trial judge was discussed. This brought to the attention of the appellant and his counsel the fact that appellant had been arrested and indicted several years prior to trial. Moreover, these facts were known to appellant and should have been known to his counsel. There are no allegations in the petition or proof in the testimony wherein a valid reason can be found for not raising this constitutional question at the trial.

■ The function of the writ of error coram nobis is not to relieve a party of his own negligence of not raising issue at the time of the trial when he had full knowledge of the facts. Duncan v. State, 42 Ala.App. 509, 169 So.2d 439; State v. Willis, 42 Ala.App. 414, 166 So.2d 917.

■ There was no error in denying the petition upon the ground that appellant was denied a speedy trial.

The judgment below is due to be and the same is hereby

Affirmed.