200 So.2d 511

**In re Gene Robert ISON**

**v.**

**STATE.**

**3 Div. 253.**

Supreme Court of Alabama.

May 5, 1967.

MacDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for petitioner.

Ralph Smith and John Patterson, Montgomery, opposed.

HARWOOD, Justice.

This defendant in the court below stands convicted of the offense of manslaughter in the first degree under an indictment charging him with murder in the first degree.

The judgment was reversed by the Court of Appeals. The state invoked our review by writ of certiorari which was timely granted.

The Court of Appeals based its reversal of the judgment on the insufficiency of the predicate for the admission of an inculpatory statement made by the defendant to M. E. Bailey, a police officer of the City of Montgomery.

The testimony of Officer Bailey as to the circumstances of the making of the statement is in no wise contradicted by any evidence presented below, including that of the defendant.

■ Where there is no dispute about the facts, we may examine the record for a more complete understanding of those facets of the record treated in the opinion of the Court of Appeals. Johnson v. State, 277 Ala. 655, 173 So.2d 824, and cases therein cited.

Officer Bailey, to whom the inculpatory statement was made, testified that he and his partner, Officer W. C. Brown, drove to the scene of the shooting. They stopped behind a car. "Inside of the car there was a person who was slumped over and had been shot in the head. I attempted to stop the bleeding, and he called on the radio to send an ambulance and a detective unit. And while I was with the person who was in the car, Mr. Ison came out of his house."

It would appear that the reasonable inference to be drawn from Bailey's above testimony is that he went to the automobile in which the deceased was lying, while Officer Brown was contacting the police headquarters over the police car radio.

As the excerpt of the record set forth in the opinion of the Court of Appeals shows, the defendant approached Officer Bailey with a pistol in his hand, and in response to Bailey's question if he had done the shooting, made the inculpatory statement that he had shot the deceased.

While it is true that the District Attorney did, in one question, ask Bailey if Ison's approach to him, and his reply, were made right after *"you all* had gotten to the scene." (Emphasis ours.) We do not think that this isolated question and answer indicates anything more than that the contact between Bailey and Ison took place very shortly after the arrival of Bailey and Brown at the scene of the shooting. It does not indicate that Brown was present at this time, particularly in view of Bailey's testimony as to the circumstances. The remaining questions by the District Attorney, as set forth by the Court of Appeals, show that the District Attorney so understood the situation as evidenced by his repeated use of the word "you," rather than "you all," in all other instances.

■ As repeatedly stated in the opinions of this court and of the Court of Appeals, prima facie a confession is presumed to be involuntary, and there must be evidence addressed to the trial judge sufficient to rebut this presumption and showing that the confession was made without the influence of either hope or fear, *unless the attending circumstances affirmatively diclose the voluntariness of the confession.* Rudolph v. State, 275 Ala. 115, 152 So.2d 662, cert. den. 375 U.S. 889, 84 S.Ct. 155, 11 L.E.2d 119; Duncan v. State, 278 Ala. 145, 176 So.2d 840; Peoples v. State, 256 Ala. 612, 56 So.2d 665.

As aptly stated by Judge McElroy in his work "Law of Evidence in Alabama," 2d Ed.Vol. II, Sec. 200.13(5), p. 109:

"A formal predicate is not necessary (though as a matter of caution it is always advisable) when the circumstances testified to, 'affirmatively show' no improper inducements, that is, when the circumstances indicate pretty clearly that, according to the common probabilities of experience, the confession was not improperly induced."

■ We can conceive of no set of circumstances where it could be more unlikely that a statement by a person was coerced, than in the present situation where that person left his home, approached an investigating officer, and while standing in his own yard with a pistol in his hand, and

not yet even in custody, replied to a question by the officer then engaged in ministering to a wounded man, as to whether he had shot the victim.

As stated in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694:

"The principles announced today deal with the protection which must be given to the privilege against self-incrimination when the individual is first subjected to police interrogation *while in custody at the station or otherwise deprived of his freedom of action in any way*." (Italics ours.)

\*   \*   \*   \*   \*   \*

"General-on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding. It is an act of responsible citizenship for individuals to give whatever information they may have to aid in law enforcement. *In such situations the compelling atmosphere inherent in the process of in-custody interrogation is not necessarily present*." (Italics ours.)

\*   \*   \*   \*   \*   \*

"Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."

The Court of Appeals relies upon Stewart v. State, 231 Ala. 594, 165 So. 840, as a basis of its judgment of reversal. *Stewart* is inapplicable in that, as the opinion sets forth, the interrogation was after the accused had been arrested. Further, an examination of the original record shows affirmatively that the confession was made to the witness Powell and another law enforcement officer who actually typed the confession signed by Stewart with Powell signing as a witness.

It is our conclusion that the Court of Appeals has misapplied the law to the facts relative to the sufficiency of the predicate for the admission of appellant's inculpatory statement made to Officer Bailey. The judgment of the Court of Appeals is therefore due to be reversed.

Reversed and remanded.

All Justices concur.