227 So.2d 140

**Charles HENDERSON**

v.

**STATE.**

**1 Div. 21.**

Court of Criminal Appeals of Alabama.

Oct. 7, 1969.

Dennis Porter, Scott & Porter, Chatom, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a denial of a writ of error coram nobis. Henderson sought the writ so as to review two judgments of conviction upon indictments for grand larceny. Henderson was sentenced on each conviction to serve four years in the penitentiary.

The gravamen of Henderson's petition to the trial court revolved around complaints against the legal services afforded him by appointed counsel. Basically, he claimed without delay that his lawyer had a conflict of interest and, secondly, that since he operated a filling station he was not an attorney at law.

We pretermit consideration of whether or not the lower court should have entertained the writ since, at the time of the filing of the petition, it appears that the time for taking an appeal had not expired.

Henderson, to show that he had a valid defense to the accusations, claimed that his son and not he was the guilty party. He testified that while his son and another boy stole an outboard motor, he, Henderson, was lying up drunk in a car on the creek bank and, hence, did not know what was going on.

The court below granted Henderson a full evidentiary hearing. He did not have the son subpoenaed as a witness—the State called the lawyer who represented him on his original trial.

This attorney (fully licensed and in good standing) stated that he had consulted with Henderson and that, in his opinion, Henderson's son could not be located and that he decided against using the son on trial. Part of the testimony with

**144**

respect to this question of trial tactics is as follows:

"A I remember him saying something about his son, but it has been so long and so much water under the bridge, but I have got it in my mind this son he wanted subpoenaed was tried by the Juvenile officers in this county and Mobile County. I don't know where I got it—maybe from this gentleman over here, the Probation Officer, and I wasn't sure where to locate the boy, and he was real vague about what the boy knew, and the best I could remember, if we subpoenaed the boy we would just get into the thing deeper from what Mr. Henderson told me."

Furthermore, after conferring with Henderson, the lawyer had talked to the prosecution and worked out an agreement that the District Attorney would agree to a recommendation to the judge on Henderson's pleading guilty that he would receive a two-year sentence in each indictment to run concurrently, with the sentences to be served in the county jail under provisions of Code 1940, T. 15, § 325, instead of the penitentiary. Crook v. State, 44 Ala.App. 83, 203 So.2d 138. Henderson refused to accede to this arrangement and put himself to a jury in the two cases.

We find nothing to support Henderson's naked claim of inadequate representation. A lawyer is not a magician. The court tried the client—not counsel.

Coram nobis is not available merely to again review questions of fact which have been tried beforehand. Whether or not Henderson had a valid defense to the indictments can only be tested at this point from a point of view of the fact that he has been convicted. In the present record, there is nothing to indicate that he was denied any constitutional right, nor that any fraud was practiced which would have prevented his conviction upon the two trials of which he complains. In

Ware v. State, 44 Ala.App. 679, 219 So.2d 910, we reiterated the obvious as to coram nobis procedure:

"* * * The appellant had the burden of proof. Relief by way of the post-conviction remedy of writ of error coram nobis can be granted only on 'clear, full and satisfactory proof.' Eagen v. State, 280 Ala. 438, 194 So.2d 842."

The judgment below is due to be

Affirmed.