267 So.2d 499

**John W. GROCE**

v.

**STATE.**

**6 Div. 361.**

Court of Criminal Appeals of Alabama.

Oct. 3, 1972.

Calvin M. Howard, Birmingham, for appellant.

No brief from State.

HARRIS, Judge.

Appellant filed a petition for writ of error coram nobis in the Circuit Court of the Tenth Judicial Circuit of Alabama on March 9, 1971, seeking to overthrow his conviction for robbery in that court on September 27, 1967, in which his punishment was fixed at ninety-nine years in the penitentiary. On July 21, 1971, on petitioner's request for a court-appointed lawyer, Calvin Howard was appointed to represent him. A hearing was held on July 28, 1971, and on the 5th day of August, 1971, a decree was rendered denying the relief sought, dismissing the petition and remanding custody of petitioner to the Department of Corrections and Institutions. He is in this court with a free transcript and the attorney who represented him in the proceeding below has filed a brief.

In assignments of error, appellant contends, inter alia, (1) he was denied the right to counsel at a lineup, (2) denied the right to counsel at the preliminary hearing, (3) denied the right to have a material witness testify in his behalf, (4) not informed of his right to file a motion for a new trial, (5) not informed of his right to appeal the conviction in forma pauperis, (6) the evidence was insufficient to support the judgment (of conviction) and sentence, and (7) he was denied his rights under both the Federal and State constitutions.

The office of the "writ of error coram nobis", under Alabama law, is to bring to the attention of the court for correction an error of fact, one not appearing on the face of the record, un-

known to the court or party affected, and which, if known in time, would have prevented the judgment challenged, and serves as a motion for a new trial on the ground of newly discovered evidence. The writ is not intended to relieve a party from his own negligence, and cannot serve as a substitute for an appeal, nor to enable a defendant to question the merits of the case for which he stands convicted. Smith v. Hixon, D.C., 149 F.Supp. 283; Mathis v. State, 281 Ala. 424, 203 So.2d 442; Thomas v. State, 280 Ala. 109, 190 So.2d 542; Butler v. State, 279 Ala. 311, 184 So.2d 823.

 Following the trial of this case in the court below, the distinguished trial judge made a finding of fact and order that is so thorough and cogent that we think it well to set it forth here:

"This matter is before the Court on petitioner's petition for Writ of Error Coram Nobis heretofore filed in this Court on March 9, 1971.

"The record in this case affirmatively reflects that petitioner was indicted on February 10, 1967 for Robbery and the case was docketed February 14, 1967, and was originally set for arraignment on March 3, 1967, and was thereafter passed from time to time to give defendant an opportunity to employ counsel of his own choice. On May 26, 1967, the defendant in open court and represented and accompanied by his employed counsel, whom he had chosen, Honorable John Golden, was duly arraigned and entered a plea of not guilty, at which time the case was set for trial for September 25, 1967. On September 26, 1967, the trial was begun and on September 27, 1967, the jury returned a verdict finding the defendant guilty of Robbery and fixing his punishment at ninety-nine years imprisonment in the penitentiary. The jury was polled and each juror stated that this was his verdict whereupon, after allocutus, the defendant was sentenced in accordance with the jury verdict.

"This coram nobis petition was filed March 9, 1971, and on July 21, 1971, on petitioner's request for court-appointed counsel, the Honorable Calvin Howard, Attorney, was appointed to represent petitioner and hearing was set for the week of July 26, 1971, and was duly held on July 28, 1971.

"In his petition, the petitioner alleges that after his arrest on this charge, he was placed in a lineup without counsel or the offer of counsel and that he was denied the right of counsel at preliminary hearing. He further contends that 'a material witness was excluded from testifying at the time of petitioner's trial contrary to the 6th and 14th Amendments to the United States Constitution.' The petitioner further contends that his counsel failed to advise him of his right to appeal in forma pauperis, that the evidence was insufficient to support the judgment and sentence and that he was deprived of his liberty without due process of law contrary to the 14th Amendment of the United States Constitution.

"Petition testified, under oath, that he was arrested in December of 1966 in the early morning hours, around 1:30 or 2:00 a. m. and that within a day or two of his arrest he was placed in a lineup without counsel and without having any rights thereto explained to him; that his preliminary hearing was held without his being represented by counsel or one being furnished or offered to him; that on his trial in this case he was represented by Mr. John Golden, Attorney. He testified that he wanted one Johnny Smith to testify as a witness; that Smith was with him when he was arrested and had, at the time of this trial, already pleaded guilty and had been sentenced to ten years in the penitentiary and had gone to the penitentiary to serve his time. He testified that Smith had told him that he would testify but that he, petitioner, did not tell Mr. Golden of this and did not discuss the possibility of Smith's testifying with Mr. Golden. He testified that Smith was the only witness

and that although he does not recall Mr. Golden's asking him about witnesses he was sure that he probably did. He testified that his case was not appealed and that Mr. Golden did not tell him that he might be able to appeal as a pauper. He further testified that he, himself, testified at his trial and that he had had no record of previous convictions.

"Honorable John Golden, Attorney, testified that he has been a practicing attorney since 1955 having represented many defendants in criminal cases and that he had represented the defendant in this case. He testified that he knew about John Henry Smith; that he knew what Smith would testify and that Smith's testimony would not have been beneficial to petitioner's case; that he had discussed Smith, as a witness, with petitioner and explained to him why he should not be used and that petitioner did not ask him to go ahead and use him in spite of this. Mr. Golden testified that the District Attorney who prosecuted the case had made an offer of settlement in the case; that he had discussed this with petitioner and petitioner had turned down the offer so the case was tried. Mr. Golden testified that he had advised the defendant of his right to appeal and had discussed the question of petitioner being able to finance such an appeal and that when he learned that petitioner was not able to pay for the appeal that he advised him that he could appeal without cost to himself and advised him how to go about proceeding to ask for the appointment of an attorney and a free transcript for appeal. He testified that he had not given notice of appeal nor filed a motion for a new trial.

"The Court finds that the lineup in this case was held prior to June 12, 1967 and that the preliminary hearing in this case was held prior to June 22, 1970 and that petitioner's contentions in regard to counsel at the lineup and counsel at preliminary hearing are not well taken.

"The Court finds that no material witness was excluded from testifying at petitioner's trial but that Mr. Golden's decision not to use Smith as a witness was to the benefit of petitioner and not against his interests.

"The Court finds that Mr. Golden did advise petitioner of his rights to appeal in forma pauperis and to have counsel appointed for him and a transcript of the proceedings furnished to him both without cost to himself.

"The Court finds that the evidence was not insufficient to support the judgment and sentence.

"The Court finds that petitioner's rights under the constitutions and the laws of the State of Alabama and of the United States were not in any way denied to him and that his rights specifically under the 6th and 14th Amendments of the United States Constitution were not violated.

"The Court finds that Mr. Golden competently, capably and diligently represented petitioner at every phase of the proceedings against petitioner and that petitioner has completely failed to substantiate the contentions set forth in his petition.

"It is ordered, adjudged and decreed that relief is hereby denied, the petition for Writ of Error Coram Nobis is hereby dismissed and petitioner is remanded to the custody of the Department of Corrections and Institutions for further service of his sentence or until otherwise discharged by law.

"Done and Ordered this the 5th day of August, 1971.

Wallace Gibson (sig)
Circuit Judge."

Judge Gibson in noting that the lineup was had prior to June 12, 1967, and the preliminary hearing was held prior to June 22, 1970, had before him United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; and Coleman v. Alabama,

399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, none of which apply retroactively.

This case is due to be and is affirmed.

Affirmed.

CATES, P. J., and ALMON, TYSON and DeCARLO, JJ., concur.