278 So.2d 741

**Jack A. BUSH**

**v.**

**STATE.**

**6 Div. 334.**

Court of Criminal Appeals of Alabama.

May 29, 1973.

Jack A. Bush, pro se.

No brief for the State.

CECIL H. STRAWBRIDGE, Circuit Judge.

Proceeding on petition for writ of error coram nobis, Circuit Court of Jefferson County, Alabama, Honorable Wallace Gibson denied the petition, and the petitioner appealed.

The petitioner, Jack A. Bush, was charged, tried and convicted of murder in the first degree and sentenced to life imprisonment in the penitentiary on, to-wit, October 15, 1965, in the Circuit Court of Jefferson County, Alabama. The Supreme Court of Alabama affirmed the lower court on April 4, 1968, and denied a hearing on same on May 2, 1968, Bush v. State, 282 Ala. 134, 209 So.2d 416.

In this proceeding the said petitioner petitioned the court for relief under a writ of error coram nobis for reasons or grounds hereafter set out and the court findings on each ground.

(1) Petitioner alleges that the state did not prove there was a murder committed.

■ This Court finds that the state met this burden and the same has also been ruled upon by the courts heretofore. The writ of error coram nobis will not lie to enable the petitioner to question merits of case. Butler v. State, 279 Ala. 311, 184 So.2d 823.

(2) Petitioner alleges that the testimony given by J. L. Brock was not admissible as evidence.

■ This Court finds that this evidence was accepted by the lower court as well as the Supreme Court and rightfully so. It is a well-settled principle of law that expert evidence or opinion evidence can be taken and considered along with all the other evidence. The petitioner also alleges under this ground that his attorneys were inadequate and ineffective in not objecting to Brock's testimony. This question has also been settled by the court heretofore. Ruling on ground number one, supra, applies here. The Supreme Court found and so ruled that the counsel for appellant's contention that the court erred in permitting the state's attorney to cross examine J. L. Brock, witness for the appellant, as to contradictions between his testimony on direct examination and statement in writing in question and answer form that he had given to the Birmingham police later in the morning following the shooting was not error. Brock testified that he had made such a statement in the City Hall to the police officers at such time prior to being examined as to the statement, he was permitted to read it in full, while the state's attorney asserted that he was questioning Brock as to the statement in order to refresh his recollection, the trial court observed that he was permitting the examination both for the purpose of refreshing Brock's recollection and for the purpose of impeachment. The Supreme Court found no error in this ruling.

■ Applying the law to the facts as found under this ground, this Court finds that a writ of coram nobis is not available to again review questions of fact which have been tried before, Henderson v. State, 45 Ala.App. 143, 227 So.2d 140.

■ The Court now cannot find that the petitioner has been denied his constitutional rights and has not been denied a fair and impartial trial under these grounds as the same was ruled upon by Alabama Supreme Court.

(3) The petitioner alleges the trial court erred in letting the testimony of Mrs. Elizabeth Hilyer stand in court.

This Court finds that the same ruling made in ground number two, supra, applies here and takes care of this ground as it was passed upon by the Supreme Court. We might add that Dr. Johnson, in describing the alcohol level, used the words, "normally a person", etc. and, "they would normally be expected", etc. The Court further finds and understands that what might be normal for one person might not be normal to another person.

(4) The petitioner alleges that the trial court erred in allowing the testimony of Mr. Clarence L. White to stand in court as evidence against him.

This Court finds that the same findings and ruling made in and under ground number two, supra, legally applies to this ground.

■ (5) The petitioner alleges that exhibits numbers four (4) and five (5) were copies of reports kept in the office of the State Toxicologist. The trial judge clearly ruled that the petitioner's constitutional rights were not violated and that he was not denied a fair and impartial trial by the court sustaining the state's objections to their introduction. The toxicologist was present and testified and no claim of impeachment in rebuttal to his (Dr. Johnson) testimony was suggested and therefore no error and no constitutional rights violated and did not deny or deprive him of a fair and impartial trial.

(6) The petitioner alleges and contends that the lower court erred in admitting over his objections, four statements in writing, such being designated as state's exhibits B, C, D, and E.

The Supreme Court held that exhibits B and D were not inculpatory in any sense, on page 139 of the Alabama Report, and merely showed the name, address and telephone number of appellant's father and there was no probable injury to any substantial right of the appellant which could have resulted from such admission of these exhibits. The Court further stated in considering whether error to reverse resulted from the admission of exhibits C and D, which are inculpatory, it must first be noted the trial of this case was begun on the 11th of October, 1965, with verdict being returned on the 15th day of October, 1965, the judgment being entered on that same day.

The rules laid down in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, do not apply. See also Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Also, before the admission of these exhibits, a full voir dire examination was had out of the presence of the jury.

The petitioner attacks the admission of these exhibits in two aspects: first, that the physical condition of the appellant at the time prevented their being voluntary, and second, that the state failed to show the required predicate of voluntariness.

Relative to the appellant's physical condition, Officers Glenn and Chambers testified that at the apartment, the appellant appeared to be in deep shock, and was in this condition in the hospital room when they saw him write the notes which he gave to Detective Pierce.

On the other hand, Mrs. McMeans, the nurse, testified that at the time appellant wrote the note which he gave to her (exhibit D), and at the time he wrote the notes which he gave to Pierce (exhibits C and B), the appellant was not, in her opinion, in a state of shock, nor under the influence of any sedative.

Dr. Leon C. Hamrick, of the Lloyd Nolan Clinic, testified that he saw the appellant around 11:00 A.M. on the 25th of October, 1965, following his admission to the clinic during the early hours of the same morning. Dr. Hamrick testified on direct examination in response to a question as to whether a wound such as the appellant had suffered could have been fatal, replied that it could have been. Dr. Hamrick then added, "I think the question would be impossible to answer. In the general region, it could have been fatal."

Dr. Hamrick's remaining testimony shed no light on appellant's condition at the time he wrote the notes in question.

Appellant places much reliance on the Florida case of Reddish v. State of Florida, 167 So.2d 858, wherein the Florida Supreme Court held involuntary confessions taken during the time the accused was suffering from a self-inflicted wound in the chest and under heavy sedation. The hospital records showed Reddish had been administered repeated doses of sedatives of a narcotic nature from the time of his admission virtually up to the time the statements were taken from him, and in fact had to be aroused from sleep at the time one of the confessory statements was taken.

The Supreme Court stated in Bush v. State, supra:

"The facts depict no such situation in the present case. Although appellant's counsel argues that it should be assumed that the appellant was administered a drug, probably a narcotic in the emergency room of the hospital, we are unwilling to indulge this speculation in the absence of any evidence to this effect.

"We hold that under the conflicting evidence we would not be justified in find-

ing the lower court palpably wrong in concluding that the writings by the appellant were voluntary in light of appellant's physical condition at the time such writings were executed.

"Det. Pierce and Mrs. McMeans testified that they did not inform the appellant of his constitutional rights prior to the time he wrote the notes given to them. Mrs. McMeans had merely asked the appellant his name, and Det. Pierce had asked him only 'what had happened.'

"There was abundant evidence by the state tending to show that no one at any time made any threats towards the appellant, or offered him any inducement to make a statement. It is readily inferable from the record that from the first contact with people after the shooting, the appellant entertained the wish to make statements concerning the shooting, and being unable to talk, indicated his desire for writing materials.

"It is, of course, fundamental under our decisions that prima facie a confession is presumed to be involuntary, and there must be evidence addressed to the trial judge sufficient to rebut this presumption and showing that the confession was made without the influence of either hope or of fear, *unless the attending circumstances affirmatively disclose the voluntariness of the confession.*" (citing cases)

"As stated by Judge McElroy in his work on the Law of Evidence in Alabama, 2nd Ed., Vol. II, Sec. 200.13(5), p. 109:

" 'A formal predicate is not necessary (though as a matter of caution it is always advisable) when the circumstances testified to, "affirmatively show" no improper inducements, that is, when the circumstances indicate pretty clearly that, according to the common probabilities of experience,

the confession was not improperly induced.

" 'Further, in determining whether a statement by an accused is voluntary, a trial court is vested with a large discretion, and his conclusions in the premises will not be disturbed unless palpably wrong.' (citing cases) Emerson v. State, supra [281 Ala. 29, 198 So.2d 613].

"We hold that the lower court did not err in concluding that the statements written by the appellant were voluntary under the facts and circumstances surrounding their execution."

(7) The trial evidence record is palpably clear to the fact that one police officer took the first statement at his home, which read as follows, to-wit:

"Father

"Graysville

"J. R. Bush

"O R 45131"

which was the only person that the evidence shows to have informed him of his constitutional rights before making the statement. The other three (3) statements allegedly written by him in the hospital were made without any forewarning or advisement of his constitutional rights.

This Court finds this ground has been correctly ruled upon by the trial judge and no rights of petitioner were violated as stated under ground six (6).

(8) The petitioner alleges he did not have adequate or reliable examination on voir dire on the question of voluntariness of the alleged statements chiefly for reasons his counsel failed to effectively represent him.

This has been ruled on and the court cannot find any violation of his rights.

He further alleges that the statement was not voluntary and he did not have a

reliable factual hearing, the reason being, primarily, that his counsel was inadequate and ineffective. This has been ruled on by the trial court and this court cannot find any of his rights being violated. The rulings under grounds six (6) and seven (7) of this writ apply here.

■ He further contends that no justifiable reason can be given by his counsel for refusing to have the three Uptain brothers to testify concerning the important fact that the rifle in question had often fired unexpectedly and in one instance barely missed shooting one of them; that the only logical reason he could give as to why his counsel failed to conscientiously and reliably represent him, was that allegedly the trial judge and the jury were concerned about ball game scores and a ball game which was to be held in Birmingham over the week-end.

He further contends under this ground that the trial judge made statements about a ball game or ball games and that he and the jury were concerned about the ball game or ball games and that the court sent the bailiff out to get scores and it was relayed to the court and jury.

This Court cannot find any foundation for such statements from the evidence.

■ (9) The petitioner alleges that he is not guilty and the state failed to prove same; that he was not allowed to demonstrate to the jury how he was holding the rifle when it fired and that he was not allowed by one of his attorneys to tell the truth on the witness stand about how he was handling the rifle when it fired and the other material matters.

The Honorable George Rogers testified that he represented the appellant at his trial; that he has been involved in more than five hundred (500) criminal trials as an attorney; that at the time that he represented the appellant that he did not have the appellant to change his story nor did he suggest that the appellant change his story. He further testified that he was in the courtroom at all times while the jury was present during the trial of the case, and that he heard no statement from the court concerning the jury rushing to reach a verdict.

A. The petitioner alleges that while the state was questioning Mrs. Hilyer who was a witness for the state as to how the petitioner was holding the gun when he ordered her and her husband out of his apartment, the trial judge not only allowed her to demonstrate but suggested it. We find no merit in such statements.

B. The petitioner alleges here that the court denied him the right to demonstrate properly and this shows partiality on the part of the trial court and violated his rights to a fair and impartial trial.

The petitioner contends further under this sub-ground more about the Uptain brothers and about his attorney, Honorable George Rogers, having him to change his statment as to how the rifle went off and when he regained his memory.

This has been gone into and ruled upon and rightfully so and is again found to be untrue. The petitioner admitted he did not tell the truth about it.

(10) The petitioner maintains that he was denied procedural due process of law in that he had to base his appeal on an incomplete record of the trial proceedings.

This question has been ruled upon and this court further finds the petitioner has had procedural due process of the law. The ruling under ground number one (1) applies to this ground of the said writ.

The petitioner further maintains his conviction in the instant case at bar is an absolute nullity and void for reason that it is based solely upon involuntary statements made by him prior to trial.

This question has been settled by the ruling of the lower court and higher court, and further ruling under grounds one (1) and six (6) covers this ground of the said writ.

The petition is back into the exhibits B, C, D, and E. Each one having already been ruled upon. The court has ruled this case is pre *Miranda* in answering his contention of the decision in Miranda v. Arizona, supra.

 Here the court finds appellant seeks to have his entire case retried. Such is not available by way of coram nobis. Butler v. State, 279 Ala. 311, 184 So.2d 823.

The court finds that appellant's petition for writ of error coram nobis and amendments thereto are lengthy and the court has attempted to analyze each of the grounds most of which have previously been determined by the trial court and reviewed by the Supreme Court. Coram nobis is not available to again review each question of fact which was tried before. Henderson v. State, 45 Ala.App. 143, 227 So.2d 140.

 Petitioner's petition for the writ was properly denied where matters presented have been fully reviewed on appeal. Ex parte Rudolph, 276 Ala. 392, 162 So.2d 486.

 The court further finds that relief by way of coram nobis can be granted only on clear, full and satisfactory proof. Eagen v. State, 280 Ala. 438, 194 So.2d 842. This court finds this burden has not been met by the petitioner.

After a careful study and consideration of the record, the court finds no error, and the judgment of the lower court is due to be and the same is hereby affirmed.

The foregoing opinion was prepared by Cecil H. Strawbridge, Circuit Judge, temporarily on duty on the court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended; the court has adopted his opinion as its own.

Affirmed.

All the Judges concur.