BEATTY, Justice.
This case is before us on petition for writ of certiorari after application to the Court *619 of Criminal Appeals for a rehearing was denied, 349 So.2d 618.
Clete King was found guilty by a jury of the charge of selling, removing or concealing property covered by a lien, in violation of Tit. 14, § 363, Alabama Code, and sentenced to three years in the state penitentiary. Upon the denial of his motion for a new trial he appealed to the Court of Criminal Appeals which affirmed his conviction and later denied his application for rehearing. 55 Ala.App. 306, 314 So.2d 908. We denied his petition for writ of certiorari in that case. 294 Ala. 762, 314 So.2d 912.
Then King filed a petition for writ of error coram nobis which the trial court denied after an evidentiary hearing. This denial was appealed to the Court of Criminal Appeals which affirmed the trial court without opinion. Application for a rehearing was denied and this petition for certio-rari followed.
From the record of the trial court on this petition, the briefs and oral argument we perceive that the principal issues here concern the nature and availability of post-conviction relief, whether it is found under Rule 60(b), ARCP or common law coram nobis and whether the petitioner has met the requirements thereunder,
Noting that the case comes to us on certiorari from the Court of Criminal Appeals, we cannot go to the record since we are limited by findings of fact of that court. Grant v. City of Mobile, 291 Ala. 458, 282 So.2d 291 (1973). From what is before us, however, we cannot determine whether that court’s decision recognized that King had a remedy either under 60(b) or the common law standards set out in Johnson v. Williams, 244 Ala. 391, 13 So.2d 683 (1943) and case law thereunder, but failed to establish it, or whether it decided no remedy existed for King either under Rule 60(b), or common law coram nobis, despite the facts established in the trial court as set out in the record. From this record, however, it appears that the petitioner may have raised a serious constitutional issue. For this reason, we must remand the case to the Court of Criminal Appeals in order to allow that court to make such a determination as the record justifies.
Cause remanded to the Court of Criminal Appeals for further consideration in conformance with this opinion.
REMANDED.
HEFLIN, C. J., and BLOODWORTH, MADDOX, FAULKNER, JONES, SHORES and EMBRY, JJ., concur.
ALMON, J., dissents.