The defendant was indicted and convicted for escape from the Covington County Jail. Sentence was fixed at thirty years' imprisonment.
The sufficiency of the evidence to support the conviction is not before this Court as no question was raised in the trial court on this issue. Skinner v. State, 30 Ala. 524 (1857). However, after reviewing the evidence presented, we have no difficulty in concluding that there is no reasonable doubt that the defendant is guilty as charged.
 I
The defendant's motion for a change of venue was properly denied. The motion averred that the District Attorney retained "a personal interest in the outcome of these cases, due to the fact that the defendant has previously filed a Civil Suit against the District Attorney" in federal court. The motion also alleged that a fair trial would be impossible "due to the publicity surrounding the filing of the above named suit, as well as the publicity surrounding the offense for which the defendant is charged".
The only evidence in support of the motion was the defendant's own testimony. Defense counsel specifically rejected an offer by the trial judge allowing him to prepare "some voir dire examination for the jury with regard to whether any of them read this".
The defendant totally failed to sustain his burden of proof in seeking a change of venue. The mere belief of a defendant or his witnesses that he cannot receive an impartial trial is not sufficient to entitle him to a change of venue. Mathis v.State, 280 Ala. 16, 189 So.2d 564 (1966), cert. denied,386 U.S. 935, 87 S.Ct. 963, 17 L.Ed.2d 807 (1967); Campbell v.State, 257 Ala. 322, 58 So.2d 623 (1952); Patton v. State,246 Ala. 639, 21 So.2d 844 (1945); Witherspoon v. State,356 So.2d 743 (Ala.Cr.App. 1978).
 II
The indictment charged that the defendant, "a convict, did, . . . escape from the Covington County Jail, . . ., where Sheriff W.E. Harrell had him in charge under authority of law, . . .". The defendant was a state prisoner being housed in the county jail. The proof showed that when the defendant actually escaped, the Sheriff was not physically present at the jail but that a jailer was on duty.
This does not constitute a fatal variance between the material allegations of the indictment and the proof at trial. By state statute the Sheriff has the legal custody of all prisoners committed to the jail in his county. Alabama Code Section 14-6-1 (1975). The Sheriff has the authority to "appoint, direct and control" a "deputy, *Page 1249 
watchman or attendant, whose duty it shall be to watch the jail or prison at night for the prevention of escapes". Alabama Code Section 14-6-105 (1975).
Alabama Code Section 13-5-65 (1975) concerns any convict who escapes from the penitentiary or "from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary". The Sheriff, by statute, had the defendant "in charge under authority of law" despite that such "legal custody" was not objectively manifested by the Sheriff's physical presence at the jail during the escape. See Jenkins v. State, 367 So.2d 587
(Ala.App. 1978), cert. denied, 367 So.2d 590 (Ala. 1979), for an analogous situation.
 III
Courts generally recognize that in order to constitute a defense in a prosecution for escape, the coercion or duress must be "present, imminent, and impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the escape is not effected." 69 A.L.R.3d 678, 684 (1976). The defendant testified that he escaped because the Sheriff had threatened to kill or have him killed on two separate occasions. The Sheriff denied any such threatening abuse. Consequently the issue was one of fact for the jury.King v. State, 46 Ala. App. 635, 247 So.2d 677 (1971).
 IV
The defendant, and other county jail inmates in his behalf, testified that none of the three doors employed to secure the prisoners in the jail was locked or secured when he and other inmates made their escape. This was in direct conflict with the State's evidence. Conflicting evidence on a matter of fact always presents a jury question. Powe v. State, 214 Ala. 91,106 So. 503 (1925); George v. State, 362 So.2d 1327
(Ala.Cr.App. 1978). Consequently, any argument of entrapment was for the jury to decide.
We have searched the record for error. In its absence the judgment of conviction is affirmed.
AFFIRMED.
All Judges concur.