410 So.2d 130 (1982)
Ex Parte Mickey ELLISON. (Re: Mickey Ellison v. State of Alabama).
80-497.
Supreme Court of Alabama.
January 8, 1982.
Frank L. McGuire, III, Opp, for petitioner.
Charles A. Graddick, Atty. Gen., and Cedric R. Perry, Asst. Atty. Gen., for respondent.
SHORES, Justice.
The petitioner, Mickey Ellison, was convicted for escape from the Covington County Jail, where he had been serving a ten-year sentence for burglary, grand larceny, and a violation of probation. Sentence for the escape was fixed at thirty years in the state penitentiary. On appeal, the Court of Criminal Appeals affirmed the judgment, 410 So.2d 130. See, Ellison v. State, 373 So.2d 1247 (Ala.Cr.App.1979).
Approximately one year later, Ellison filed a pro se petition for writ of error coram nobis in the Covington Circuit Court. At the hearing, Ellison, then represented by counsel, sought to have the indictment set aside because of the decision of this Court in Behel v. State, 397 So.2d 163 (Ala.1981), concerning indictments based on Ala.Code 1975, § 13-5-65. Ala.Code 1975, § 13-5-65, states:
Any convict who escapes or attempts to escape from the penitentiary or from any *131 person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary, before the expiration of the term for which he was sentenced, shall, on conviction, be imprisoned for an additional term of not less than one year. (Code 1852, § 354; Code 1867, § 3902; Code 1876, § 4600; Code 1886, § 3998; Code 1896, § 4707; Code 1907, § 6866; Acts 1923, No. 473, p. 627; Code 1923, § 4012; Code 1940, T. 14, § 153; Acts 1951, No. 371, p. 664.)
In the case of Behel v. State, supra, a majority of this Court held that the accused could not be convicted for escape under § 13-5-65 under an indictment which read (omitting formal parts) that the petitioner "did escape from Billy Townsend, Sheriff of Lauderdale County, the person having him in charge under authority of law." This Court held that the indictment was insufficient because "it did not allege that petitioner had been convicted of any criminal offense, i.e., burglary, and it did not allege that Petitioner had been sentenced to the penitentiary."
The indictment in Ellison's case charged that "Mickey Ellison, a convict, ... did ... unlawfully escape from the Covington County Jail in Andalusia where Sheriff W. E. Harrell had him in charge under authority of law before the expiration of the term for which he was sentenced."
The trial court's dismissal of the petition for writ of error coram nobis was affirmed by the Court of Criminal Appeals. Ellison's application for rehearing was overruled. We granted Ellison's petition for a writ of certiorari, which alleged a conflict with Behel v. State, supra.
Ellison alleges two points. First, due to our decision in Behel v. State, supra, Ellison asserts that the indictment in his case was not sufficient to sustain a conviction under Ala.Code 1975, § 13-5-65. Second, he asserts that the insufficiency of the indictment affects his constitutional rights and, because of that, a petition for writ of error coram nobis is the proper vehicle to raise the sufficiency of the indictment.
We note initially that there is a procedural difference in the case before us now and Behel v. State, supra. In Behel v. State, the issue of the sufficiency of the indictment was raised in the direct appeal, while Ellison has failed to raise it before this coram nobis petition. Therefore, we hold that, although Ellison may have some basis for his argument on the sufficiency of the indictment, we are unable to review it because the trial court is due to be affirmed for its decision that the use of a petition for writ of error coram nobis was not an available vehicle to carry his cause.
In support of his argument that a writ of error coram nobis is a proper procedural method of seeking review of a constitutional issue, Ellison cites King v. State, (Ala.) 349 So.2d 618, on remand, 349 So.2d 620, cert. denied, 434 U.S. 968, 98 S.Ct. 513, 54 L.Ed.2d 455 (1976), where this Court said, in pertinent part:
"From the record of the trial court on this petition, the briefs and oral argument we perceive that the principal issues here concern the nature and availability of post-conviction relief, whether it is found under Rule 60(b), ARCP, or common law coram nobis and whether the petitioner has met the requirements thereunder.
"Noting that the case comes to us on certiorari from the Court of Criminal Appeals, we cannot go to the record since we are limited by findings of fact of that court. Grant v. City of Mobile, 291 Ala. 458, 282 So.2d 291 (1973). From what is before us, however, we cannot determine whether that court's decision recognized that King had a remedy either under 60(b), or the common law standards set out in Johnson v. Williams, 244 Ala. 391, 13 So.2d 683 (1943), and case law thereunder, but failed to establish it, or whether it decided no remedy existed for King either under Rule 60(b), or common law coram nobis, despite the facts established in the trial court as set out in the record. From this record, however, it appears that the petitioner may have raised a serious constitutional issue. For this reason, we must remand this case to the *132 Court of Criminal Appeals in order to allow that court to make such a determination as the record justifies."
349 So.2d at 618.
After careful review of King v. State, however, we cannot find that its language supports Ellison's argument. In fact, a reading of Ellison's petition convinces this Court that he is seeking to use the writ as a delayed appeal of issues which could have been decided at the initial trial or on direct appeal. See, Stringer v. State, 372 So.2d 378 (Ala.Cr.App.1979); Thigpen v. State, 374 So.2d 401 (Ala.Cr.App.1979).
In Summers v. State, 366 So.2d 336 (Ala. Cr.App.1978), the Court stated:
"The writ of error coram nobis is not a substitute for other remedies such as an appeal, writ of error, certiorari, or motion for new trial. Redus v. Williams, 244 Ala. 459, 461, 13 So.2d 561 (1943); Groce [v. State, 48 Ala.App. 709, 267 So.2d 499], supra; Stephens [v. State, 36 Ala.App. 57, 52 So.2d 169], supra. The writ is not `the wild ass of the law which the courts cannot control.' Anderson v. Buchanan, 292 Ky. 810, 823, 168 S.W.2d 48, 55 (1943). Our courts have stated that the writ does not serve as a substitute for an appeal, Butler v. State, 279 Ala. 311, 184 So.2d 823 (1966), Thomas v. State, 280 Ala. 109, 190 So.2d 542 (1966), and is not `an omnium gatherum or catchall of accordion like remedies to solve (or salve) all the supposed wrongs of those once duly convicted,' Arledge v. State, 57 Ala.App. 553, 555, 329 So.2d 613, 615, cert. denied, 295 Ala. 390, 329 So.2d 616 (1976), or an `omnium gatherum to right all post conviction discoveries or claims of error.' Ex parte Banks, 42 Ala.App. [669] at 672, 178 So.2d [98] at 101. The writ does not serve the purpose of a `probable cause hearing,' Seibert v. State, 343 So.2d 788 (Ala.1977), and is not available to retry indictments. Bush v. State, 50 Ala.App. 293, 278 So.2d 741 (1973); Creel v. State, 53 Ala.App. 226, 298 So.2d 647 (1974)."
366 So.2d at 339.
Further on in the opinion, the Court also said:
"The writ is appropriate only when the petitioner's claim is based on facts which were not known and could not have been discovered with the exercise of reasonable diligence at the time of trial. Senn v. State, 43 Ala.App. 323, 189 So.2d 870 (1966); Thornburg v. State, 42 Ala.App. 70, 152 So.2d 442 (1963). `Facts known to the accused debar him from seeking coram nobis.' Arledge v. State, 57 Ala.App. 553, 555, 329 So.2d 613, 615, cert. denied, 295 Ala. 390, 329 So.2d 616 (1976). If the petitioner could reasonably have discovered the information in time to prevent the original conviction the remedy of coram nobis is not available. Echols v. State, 276 Ala. 489, 164 So.2d 486 (1964); Isom v. State, 44 Ala.App. 6, 200 So.2d 506 (1966), reversed on other grounds, 281 Ala. 189, 200 So.2d 511 (1967). The writ will not lie where a remedy against the error complained of, though available, was deliberately or negligently not used at the trial that resulted in the judgment of conviction. In such cases the petitioner is generally held to have waived his right to contest the judgment. Johnson v. Williams, 244 Ala. at 395, 13 So.2d 683; Redus v. Williams, 244 Ala. at 459, 13 So.2d 561; Ex parte Taylor, 249 Ala. 667, 670, 32 So.2d 659 (1947)."
366 So.2d at 340.
The issue concerning the sufficiency of the indictment was not raised at the original trial or on the subsequent appeal. Therefore, the remedy of coram nobis is not available. This is true even though, as Ellison has asserted, it is a constitutional issue that is raised by the writ because "one may waive and does waive his constitutional rights if he fails to assert or claim them at the appropriate time and place, and according to the established course of procedure." Johnson v. Williams, 244 Ala. 391, 13 So.2d 683 (1943). Therefore, the judgment is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, FAULKNER, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.
JONES, J., concurs specially.
*133 JONES, Justice (concurring specially).
I concur in the judgment of affirmance, because I would overrule Behel. If Behel is correct law, rendering the defendant's escape conviction invalid due to a faulty indictment, then, in my opinion, coram nobis may be a proper remedy. While ordinarily a conviction based on an indictment insufficient to invoke the jurisdiction of the court may not be collaterally challenged, where such invalidity is judicially established after the conviction under review, a "factual" issue may be invoked, thus giving coram nobis a viable field of operation. See 24 C.J.S. Criminal Law § 1605(1).
But I do not agree that the indictment is deficient. An indictment that charges the Defendant with unlawfully escaping from the county jail where the sheriff held him under authority of law contains all the requisites of specificity to comport with due process and, in my opinion, is a valid indictment.