In 1982, Bruce Carroll was convicted of robbery in the first degree and sentenced to life without parole. This conviction was affirmed on appeal. Carroll v. State, 440 So.2d 343
(Ala.Cr.App. 1983), cert. denied, Carroll v. Alabama, ___ U.S. ___, 104 S.Ct. 1299, 79 L.Ed.2d 698 (1984). In April of 1984, Carroll filed a petition for writ of error coram nobis. The circuit court granted *Page 790 
the State's motion for summary judgment: "After consideration of all evidence submitted, including all affidavits, a review of the transcript of testimony offered at trial and the complete court file, the Court is of the opinion that there is no genuine issue as to any material fact in the case and that the defendant, State of Alabama, is entitled to judgment as a matter of law." Carroll appeals from this ruling.
A reading of the petition makes it abundantly clear that Carroll is merely attempting to use coram nobis as a mechanism to get a second appeal of his conviction. We will not dignify his allegations by stating them in this opinion. The writ of coram nobis is not a substitute for an appeal nor does it serve the function of an appeal. Summers v. State, 366 So.2d 336,339-40 (Ala.Cr.App. 1978), cert. denied, Ex parte Summers,366 So.2d 346 (Ala. 1979).
On this appeal, Carroll's only argument is that his trial counsel was incompetent for the commission and omission of numerous sins and offenses. Although Carroll was represented by different counsel at trial and on appeal, the issue of ineffective assistance of counsel was not raised on direct appeal. Having failed to raise this issue on the original appeal, the remedy of coram nobis is not available. Ex parteEllison, 410 So.2d 130 (Ala. 1982). Here, as in Ellison, "a reading of . . . [Carroll's] petition convinces this Court that he is seeking to use the writ as a delayed appeal of issues which could have been decided at the initial trial or on direct appeal." 410 So.2d at 132.
Furthermore, we view Carroll's allegations against his trial counsel as incredible and undeserving of belief. "In considering a petition for writ of error coram nobis, a court may and should determine the `reasonableness of the allegations made in the petition and the probability or improbability of their truth.' . . . A court is not bound to accept at face value the allegations of the petition." Holsclaw v. State,429 So.2d 1185, 1187 (Ala.Cr.App. 1983).
The guidelines for the review of claims of ineffective counsel are established in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Ex parteDaniel, 459 So.2d 948 (Ala. 1984), applying Washington.
Appellate courts are reminded that in deciding an actual ineffectiveness claim "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."104 S.Ct. at 2066. "[W]e do not think that counsel should be penalized for the fact that he is not a magician, . . . nor for his lack of `druidic magical powers to produce an acquittal.'" Thompsonv. State, 444 So.2d 899, 902 (Ala.Cr.App. 1984).
"Coram nobis is treated procedurally as a cross between a civil and a criminal action; it is a new civil action governed by some rules of civil procedure but not by all."Postconviction Remedies in Alabama, 29 Ala.L.Rev. 617, 632 (1978) citing State v. Bibby, 47 Ala. App. 240, 242,252 So.2d 662 (1971). Since a petition should usually be based on affidavits attached to the petition as coram nobis is, essentially, a motion for a new trial, Duncan v. State,42 Ala. App. 111, 113, 154 So.2d 302, cert. denied, 275 Ala. 290,154 So.2d 305, cert. denied, 375 U.S. 860, 84 S.Ct. 126,11 L.Ed.2d 87 (1963), summary judgment is a proper and suitable procedure.
Our review of Carroll's trial and the coram nobis proceedings convinces us that there is no merit to his petition. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 791