326 So.2d 131

**Ples Henry McDAVID**

v.

**STATE.**

**6 Div. 39.**

Court of Criminal Appeals of Alabama.

Jan. 20, 1976.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

---

Thomas Nicholson, Jasper, for appellant.

CATES, Presiding Judge.

A conviction of second degree burglary with a sentence of seven years occasioned this appeal.

I

"John Sides testified that in the early morning hours of November 2, 1974, he was at home but over an intercome system connected to his store he heard some commotion in the store. He and his wife got up and observed two black men in the store. Mr. Sides got his gun and his wife called the police.

"Mr. Sides then went to the store and as the two men ran out of the store he told them to stop. The two men did not stop but continued to run and Mr. Sides shot them in the feet and legs.

"The two men then ran toward the back of the store and after the police arrived they began to search for them. They later found appellant just beyond the store. Mr. Sides asked him where his money was and appellant said he did not take the money that he was getting cigarettes. Mr. Sides also testified that he went and got a quilt for appellant to cover him with." -State's brief, p. 1

## II

■ We consider there is no problem under pre-*Miranda* or *Miranda* predicates arising from the reception of McDavid's inculpatory statement, *Ison v. State,* 281 Ala. 189, 200 So.2d 511. We consider the statement was not elicited by custodial interrogation.

## III

■ Appellant in brief argues that there was reversible error in that the defendant came into court handcuffed. However, no ruling was made by the trial judge. Objection was made *after* the fact. No motion for mistrial was made as was done in *Racine v. State,* 51 Ala.App. 484, 286 So.2d 890. The record contains no transcript of any testimony adduced in support of the motion for new trial. No question is presented for appellate review.

## IV

■ No demand for speedy trial appears to have been made until the day of trial. No proof was tendered to show prejudice. Apparently defendant was in jail, unable to raise $1,000 bail, from November 11, 1974, until trial, which took place May 5, 1975.

At present, Walker County is not legally required to summon grand juries more often than four times a year. Code 1940, T. 30, § 72. The record here only shows that the defendant was not indicted until March 21, 1975. Whether he was passed over by an intervening grand jury does not appear. We perceive no application of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L. Ed.2d 101.

## V

We have considered the entire record under Code 1940, T. 15, § 389, including the following:

(a) The clerk's certificate; [T. 7, § 767]

(b) The court reporter's certificate;

(c) The statement of the organization of the court; (Sup.Ct.R. 52);

(d) The indictment (caption, charge, conclusions, and required endorsements);

(e) Judgment entry (arraignment, presence of counsel, twelve jurors, empanelling and swearing of jury, verdict, adjudication of guilt, allocutus, sentence, motion for new trial and notice of appeal);

(f) Each ruling of the trial judge adverse to the appellant.[1]

From this examination we conclude that the judgment is to be

Affirmed.

All the Judges concur.

1. Rule A, 49 Ala.App. XXI, was not complied with; see also 28(a)(7) ARAP.