# Bradford *v*. The State.

## *Escape.*

(Decided June 7, 1906.  41 So. Rep. 471.)

1. *Escape; Sentence and Punishment.*—One confined in jail under a sentence to the penitentiary, pending a appeal, who escapes or attempts to escape, is properly charged under Section 4710, Code of 1896, and not under either Section 4707 or Section 4705.

2. *Criminal Law; Elements of Crime; Attempts.*—One may be indicted, under Section 5306 of Code of 1896, for attempting to commit an offense denounced by the Code.

3. *Same; Evidence; Confessions; Corpus Delicti.*—Where the evidence shows that when the sheriff entered the jail and defendant's cell, he found several bricks removed from the wall, and found a number of steel saws and other instruments, this was sufficient proof for the jury to have found that the offense charged was committed, and authorized the introduction of confessions of defendant, shown to have been voluntarily made, touching his connection with the offense charged.

[Bradford v. The State.]

APPEAL from Montgomery City Court.

Heard before HON. W. H. THOMAS.

The indictment in this case was in the following language: "The grand jury of said county charge that before the finding of this indictment J. M. Bradford, whose christian name to the grand jury is unknown, having been convicted of the offense of grand larceny in the city court of Montgomery of Montgomery county, Ala., at the October term, 1905, of said court, and duly sentenced to the penitentiary of the state of Alabama, did attempt to escape before the expiration of his sentence from the county jail of Montgomery county, Ala., where the said J. M. Bradford was held in custody under authority of law, against the peace and dignity of the state of Alobama." The defendant was convicted and sentenced to perform hard labor for Montgomery county for a term of 1 year, and a sufficient length of time for the payment of costs at the rate of 30 cents per day, making in all 1 year and 142 days. The evidence tended to show that a few days before the indictment was found, and while defendant was incarcerated in the Montgomery county jail, the sheriff went to the defendant's cell and found that a good many bricks had been taken from the wall, so that there was a considerable hole in the wall of the jail, and that he found a lot of saws and other steel instruments. The record shows that, after a predicate had been laid for the introduction of a statement or confession, the solicitor asked the sheriff if the defendant made any statement or confession to him. Objection was interposed to the question, which objection was overruled. The witness answered as follows: "That in the county jail of Montgomery county, which is in Montgomery county, Ala., and about the time he found the saws and other steel instruments in the cell occupied by the defendant, and when question by the witness the defendant said that he and one Glass and others had made an effort or attempt to escape from jail, and that he assisted Glass and others in removing the brick from the jail wall, and that the saws and other instruments were brought to the Montgomery county jail and delivered to the defendant and Glass and others to be used by them in an attempt

to escape." The records of the court were then introduced, showing that defendant was under conviction and sentence to the penitentiary for two years for grand larceny, and that execution of sentence had been stayed pending an appeal to the supreme court, and that the defendant was confined in the Montgomery county jail awaiting a decision from the supreme court when the defendant attempted to escape. The defendant requested the general affirmative charge, which was refused.

No counsel marked for appellant.

Massey Wilson, Attorney General, for State.

ANDERSON, J.—The indictment charges that the defendant, who had been duly sentenced to the penitentiary, "did attempt to escape before the expiration of his sentence from the county jail of Montgomery county, Ala.," where the said J. M. Bradford was held in custody, under authority of law. The indictment evidently intended to make out a charge under § 4707 of the code of 1896, which relates to escapes and attempts to escape from the penitentiary, hirer or guard, and not from a jail. The indictment may have been drawn under § 4707 of the code, and the trial court proceeded upon that idea in fixing the sentence of one year. The record does not disclose the demurrer, though the judgment entry recites action on a demurrer, but we cannot consider same.

In order for the state to be entitled to a conviction under § 4707 of the code of 1896, the proof must show an escape or attempt to escape from the penitentiary, hirer or guard, which was not averred or proven in the case at bar. The facts do not bring the case within the influence of § 4705, as the defendant was not "sentenced to imprisonment in the county jail or to hard labor for the county." Besides, the court did not proceed under that section in fixing the punishment, which must not be for more than six months. As the facts do not bring this case within the operation of any of the other statutes, it falls within the influence of § 4710, which relates to "any person who escapes from lawful custody." The defend-

[Brooks v. The State.]

ant, notwithstanding he had been convicted and his sentence had been suspended pending an appeal, was a prisoner in lawful custody at the time of the attempted escape. It is true said § 4710 relates to an escape, and the indictment in this case avers only an attempt to escape. But § 5306 permits a conviction for an attempt to commit the offense charged, and we see no reason why the state cannot indict for an attempt in lieu of the offense.

There was no error in permitting the state to prove the confession of the defendant, as the proper predicate was established and there was sufficient proof of the corpus delicti. There was no error committed during the trial, but the court erred in the sentence, and the judgment is therefore reversed as to the sentence, and the cause is remanded, in order that the defendant may be sentenced under § 4710 of the code of 1896.—*Long v. State*, 39 South. 357.

Reversed and remanded.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.