# CASES

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1906-1907.

## Bradford *v.* The State.

*Attempt to Escape.*

(Decided Jan. 24th, 1907.   42 So. Rep. 990.)

1.  *Escape; Indictment; Punishment.*—Construing together Secs. 4707, 4710, 4461 and 4462, it is held that an indictment that charges that the defendant, having been convicted of grand larceny and sentenced to the penitentiary, did attempt to escape before the expiration of his sentence from the county jail where he was held in custody under authority of law, charged the offense defined in Section 4707, and punishment should have been imposed under that Section, and not under Section 4710. (overruling *Bradford v. The State*, 146 Ala. 150, 41 South. 471.)

2.  *Criminal Law; Sentence; Conformity to Charge.*—A sentence imposing punishment under Section 4710, although the conviction was had under an indictment charging the offense defined by Section 4707, being within the period of limitatation as to time prescribed by Section 4707, is not void or erroneous.

APPEAL from Montgomery City Court.
Heard before Hon. W. H. THOMAS.
J. M. Bradford was convicted under Code 1896, § 4707, making it an offense to escape from the penitentiary, hirer, or guard, etc.  From the sentence and judgment he appeals.  On the former appeal in this case the judgment was reversed, and the case remanded for new sentence in accordance with the decision.  The indictment charges that J. M. Bradford, whose christian name is to the grand jury unknown, having been convicted of the offense of grand larceny in the city court of Mont-

gomery, of Montgomery county, Ala., at the October term, 1905, of said court, and duly sentenced to the penitentiary of the state of Alabama, did attempt to escape before the expiration of his sentence from the county jail of Montgomery county, Ala., where the said J. M. Bradford was held in custody under authority of law, against the peace and dignity, etc. The court, in resentencing the prisoner, fixed his punishment at six months' hard labor for the county, with an additional term to pay the costs of the trial. This was done over the objection and exception of the defendant, and from this sentence and judgment, this appeal is prosecuted.

No counsel marked for appellant.

MASSEY WILSON, Attorney General, for State.—The lower court merely followed the mandate of this court in pronouncing sentence. The objection of the defendant to the action of the court in pronouncing sentence is not presented by a bill of exception and cannot be reviewed.—*Bolling v. The State,* 78 Ala. 469. The grounds of objection are not shown by the record.—*Hooper v. The State,* 141 Ala. 111; *McQueen v. The State,* 138 Ala. 63.

TYSON, C. J.—When this case was here on former appeal, it was reversed on account of an erroneous sentence. It was then held that the trial court should have imposed the punishment fixed by section 4710 of the Code of 1896. That section makes it an offense for any prisoner to escape from lawful custody, when there is no other punishment prescribed by law, etc. It does not make it an offense for a prisoner to attempt to escape, and therefore the punishment prescribed by it cannot be imposed where a conviction is had under an indictment charging such an attempt as here. Nor does section 5306 have the field of operation accorded to it in the previous opinion. Indeed, it has no application whatever. Had the indictment charged the offense of an escape under section 4710, and the evidence established an attempt to escape, it may be that this section would have been applicable, and a conviction could have been had under it. But in that case the punishment could not have been

imposed as prescribed by section 4710, but as prescribed by section 5414. And clearly, if the indictment was not preferred under section 4707 of the Code of 1896, it charged no offense whatever, unless it was an offense at common law for a convict to attempt to escape, after sentence to the penitentiary and before its expiration, from the county jail where held in custody under authority of law.

But we are of opinion that the offense here charged, though it may be defectively alleged, rendering the indictment subject to demurrer, is the one defined by section 4707, and that the punishment imposed by the court in the first instance was not erroneous. Had the indictment alleged the defendant's attempt to escape before the expiration of his sentence from the sheriff or jailer of Montgomery county having him in charge under authority of law, instead of his attempt to escape from the county jail of Montgomery county where he was held in custody under authority of law, there would scarcely be a diversity of opinion that it was preferred under this statute. By section 4461 of the Code of 1896 it is made the duty of the judge of the court, when a convict is sentenced to the penitentiary, to order such convict confined in the nearest secure jail; and there the convict is to be confined until the president of the board of inspectors shall direct his removal to his place of confinement or hard labor under the sentence. Section 4462 requires the sheriff having in his custody any person sentenced to the penitentiary to deliver such convict to the person who presents the written order of the president of the board of inspectors. With these two sections taken in connection with section 4707, it seems to us beyond cavil that the indictment was intended to charge, and did in fact charge, the offense defined by the latter section. It follows, therefore, the former opinion in this case on this point is wrong, and must be overruled. However, the punishment of six months' hard labor for the county imposed upon a remandment of the cause, which the court clearly had a right to fix by a resentence, being within the period of limitation as to time prescribed by

that section, the sentence pronounced must be held to be correct.

Affirmed.

HARALSON, DOWDELL, SIMPSON, and DENSON, JJ., concur.

ANDERSON, J. (dissenting.)—I cannot consent to hold, that the indictment in this case comes under section 4707 of the Code of 1896, for to so hold, simply reads something into the indictment or statute that is not there. The indictment charges an attempt to escape from jail, while said section provides only for escapes from the penitentiary, the hirer, or person or guard having the convict in charge.

McCLELLAN, J., joins in this dissent.