189 So.2d 771

William R. STRICKLAND

v.

STATE of Alabama.

6 Div. 226.

Supreme Court of Alabama.

Sept. 30, 1965.

**32**

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for petitioner.

Olin W. Zeanah, Tuscaloosa, opposed.

MERRILL, Justice.

The State petitioned for a writ of certiorari to the Court of Appeals, and we granted the writ. The defendant Strickland had appealed from a judgment of the Circuit Court of Tuscaloosa County denying his petition for writ of error coram nobis, and the Court of Appeals reversed the judgment on the ground that the circuit court accepted a plea of guilty without first ascertaining that the defendant had made an intelligent waiver of counsel.

The defendant was indicted for escaping from custody (Tit. 14, § 153, as amended, Code 1940), was arraigned on May 26, 1961, and on arraignment, was asked if he wanted counsel and "he said, in effect, that he would arrange for his own lawyer by the time for trial." We note that this took place in 1961, nearly two years before the decision of the Supreme Court of the United States in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, which was decided on March 18, 1963, and one year before the Federal Supreme Court said, in Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), that: "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver." (We do not raise the point of retrospectivity of the Federal cases, but merely to show that the trial court was offering counsel to the accused even before those decisions).

We take the following language from the opinion of the Court of Appeals to mean that that was such an intelligent and understanding waiver: "Here, while it can be fairly said that Strickland waived the ap-

pointment of counsel on his original arraignment, nevertheless the next critical step leading to his conviction was when he changed his plea to guilty."

The sequence of events follows: Strickland had been convicted of assault with intent to murder, sentenced to two years in the penitentiary on December 31, 1960, placed on probation, which was revoked in April, 1961, and he was being held in the Tuscaloosa County jail, from which he escaped on May 16, 1961. He was apprehended, indicted for the offense of escaping and, on arraignment, intelligently and understandingly waived appointment of counsel to represent him, which was noted on the trial docket. On arraignment, he pleaded not guilty. Three weeks later, on June 13, 1961, he changed his plea from not guilty to guilty and was sentenced to four years. On July 22, 1963, he filed a petition for writ of error coram nobis, counsel was appointed for him; the cause was heard in March, 1964, and after making findings and conclusions of law, the trial court denied the petition; and petitioner appealed and was represented by appointed counsel on his appeal to the Court of Appeals and on the writ of certiorari in this court.

The question for decision here is whether the burden remains on the State to show affirmatively that the accused had counsel at every stage of the proceedings in his criminal case, when the accused made a competent, intelligent and voluntary waiver of counsel at the first stage of the proceedings—his arraignment—and the waiver was recorded on the trial docket.

■ We think the facts in this case justify a holding that the burden shifted to the defendant to request counsel if he desired one at a later proceeding in the same case.

■ The law, though not settled when the defendant was convicted of being an escapee, is now settled that he had a right to counsel beginning with his arraignment, and at every stage of the proceedings, including his plea of guilty unless he has made a competent, intelligent and voluntary waiver. But once he has made such a waiver, the burden ought to be on the defendant to show that he has changed his mind and desires the services of counsel.

A recent case of this court illustrates the wisdom of such a holding. The accused, represented by counsel, was convicted of robbery and, within six months, gave notice of appeal in writing and requested counsel and a transcript on appeal. The trial court denied the request and the defendant, in the penitentiary, petitioned this court for relief. When we had verified his account of the trial court's action, we reversed the judgment and remanded the cause to the trial court for proper action. Keeton v. State, 278 Ala. 81, 175 So.2d 774. The defendant was not represented by counsel. This was a step or a stage in the proceedings against him, but we did not consult with or ascertain from him as to whether he wanted counsel. We found merit in his petition and ordered remedial steps to insure that his case could be properly reviewed on appeal. Could it be reasonably asserted at some later time that he was deprived of his constitutional rights because he had no counsel in the proceeding before this court? We do not think so.

And just as we consider that Keeton was not deprived of a constitutional right when he had no counsel in his proceeding here, just so do we think that Strickland was not deprived of any constitutional right when he pleaded guilty to the escape charge without counsel after he had effectively waived right to counsel on arraignment and had not subsequently made a request that counsel be furnished him.

We think the case of Palumbo v. State of New Jersey, 3 Cir., 334 F.2d 524, is distinguishable from the instant case. There, one Mr. Armstrong had represented Palumbo in one case and the county prosecutor had asked him to represent Palumbo in two other cases. But the court did not assign these cases to Mr. Armstrong and

Mr. Armstrong was present on the day of the trial and notified the court that he was not representing Palumbo. The court later received Palumbo's plea of guilty without appointing counsel. There, Palumbo had never had counsel in the two cases. Here, there had been an effective waiver by Strickland on the first occasion that he would have needed counsel to represent him.

■ One other matter deserves mention. The defendant was indicted under Tit. 14, § 153, as amended, Code 1940, which reads:

"Any convict who escapes or attempts to escape from the penitentiary, or from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary before the expiration of the term for which he was sentenced, shall, on conviction be imprisoned for an additional term of not less than one year."

The opinion of the Court of Appeals contains the following:

"* * * The offense denounced is of very doubtful [1] application to a prisoner

[1]. Contrast Bradford v. State, 146 Ala. 150, 41 So. 471 (Anderson, J., for a unanimous court), with Bradford v. State, 149 Ala. 1, 42 So. 990 (Tyson, C. J., for the court, Anderson and McClellan, JJ., dissenting). These two cases have never been reconciled.

who has not been taken into the penitentiary system within the meaning of our law which allows him no credit for obedience to the sentence until he is in the warden's custody. * * *"

The offense denounced by Tit. 14, § 153, as amended, is essentially the same as in Sec. 4707, Code 1896, except that reference to hiring convicts is eliminated. It is true that the case of Bradford v. State, 146 Ala. 150, 41 So. 471, casts some doubt as to a conviction under Sec. 4707, but this court removed any doubt in the same case, Bradford v. State, 149 Ala. 1, 42 So. 990, and, after discussing the doubtful point said: "It follows, therefore, the former

opinion in this case is wrong, and must be overruled." There has never been any need to reconcile the two cases; the latter simply overrules the former as to whether the indictment charged an offense under Sec. 4707, Code of 1896.

The judgment of the Court of Appeals is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN, COLEMAN and HARWOOD, JJ., concur.

