DeCARLO, Judge.
Aiding a prisoner to escape; ten years.
The facts of this case are substantially the same as those in Hall v. State, Ala.Cr.App.1977, 352 So.2d 8. For this reason they will not, for the purpose of this opinion, be repeated.
Anita Weed was charged with the statutory offense appearing in T. 14, § 157, Code of Alabama 1940, Recomp. 1958. It reads:
“Aiding convicts to escape from place of confinement; rescue. —Any person who conveys into the county jail, or into the penitentiary, or into any convict prison, or into any other lawful place of confinement, any disguise, weapon, tool, instrument, or other thing useful to aid any prisoner to escape therefrom, with intent *539 to facilitate the escape of any prisoner lawfully confined therein under a charge or conviction of felony, or who, by any other act, or in any other way, aids or assists such prisoner to escape, whether such escape be attempted or effected or not, or who rescues, or attempts to rescue, any such prisoner therefrom, or from the lawful custody of any officer or person, shall, on conviction, be imprisoned in the penitentiary for not less than two nor more than ten years.”
The indictment presented against the appellant which embodies T. 14, § 157, supra, omitting the formal parts, charges:
“ . . . Anita Weed whose name to the Grand Jury is otherwise unknown, did convey into the County jail of Jefferson County at Bessemer, Alabama, a weapon, tool instrument or other thing useful to aid a prisoner to escape, with intent to facilitate the escape of a prisoner lawfully confined therein under a charge or conviction of a felony, or with intent to facilitate the escape of a prisoner lawfully confined therein under a charge or conviction of a felony, did aid or assist such prisoner to escape therefrom, . . ”
Three basic requirements of proof are necessary for a conviction under the statute recited above: (1) “ — a prisoner confined under a lawful charge or conviction of a felony.” (2) “The conveying into the jail of some instrument, etc., useful to aid the escape,” and (3), “The intent thereby to facilitate the escape of such prisoner.” Baker v. State, 19 Ala.App. 437, 97 So. 902.
In the present case the prosecution in an attempt to prove the first requirement, was allowed to present into evidence the trial docket sheets showing the felony convictions of Elton Hall and Johnny Williams. Under Hall v. State, supra, and the cases cited therein, this was an improper method of proving that a prisoner was confined under a lawful charge or a conviction of a felony. Baker v. State, supra.
This court in Hall v. State, supra, said:
“The trial docket sheet is not a record, but is only a directive to the clerk as to what judgments and orders should be entered on the court’s records.”
Permitting the introduction of the trial docket sheets was error and on the authority of Hall v. State, supra, the conviction is reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.