BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant, an indigent, was convicted of escape and sentenced to ten years imprisonment in the penitentiary.
Omitting formal parts, the indictment charges that the defendant “ * * * did escape from the Lee County Jail, Lee County, Alabama, contrary to law and the provisions of Title 14, Section 153 of the Code of Alabama 1940, as recompiled.”
The Code section, supra, reads:
. “Any convict who escapes or attempts to escape from the penitentiary, or from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary before the expiration of the term for which he was sentenced, shall, on conviction be imprisoned for an additional term of not less than one year.”
Notwithstanding the general rule that penal statutes must be strictly construed, our Supreme Court in Bradford v. State, 149 Ala. 1, 42 So. 990, held that § 4707, Code of Alabama, 1896 (now § 153, supra) applies to an escape from a county jail where the prisoner is awaiting transfer under a lawful judgment to the penitentia *668 ry. This holding was reaffirmed in Strickland v. State, 280 Ala. 31, 189 So.2d 771(5). See also, Hall v. State, Ala.Cr.App., 352 So.2d 8, cert. denied, Ala., 352 So.2d 11 (1977).
Mrs. Annette Hardy, Circuit Clerk of the Circuit Court in Lee County, Opelika, Alabama, testifying as a witness for the State, identified an official document which she read to the jury. The instrument she read was a judgment that convicted appellant on May 25, 1977, of receiving and concealing stolen property (value not shown). The judgment was imprisonment for a period of ten years.
The same witness, Mrs. Hardy, also testified on cross examination, as follows:
“Q. Do you know personally whether Billy Thornton’s lawyer, Kenny Wilkes, filed a motion for a new trial in your office?
A. Yes, sir.
Q. Do you know, personally, if that motion for new trial was granted?
A. Yes, sir.”
It is not clear from her testimony what date prior to the instant trial the judgment was vacated. For aught appearing in the record the judgment was in full force and effect when the escape occurred.
We note here that the escape occurred while the defendant was in the sheriff’s office; and from there with three other prisoners, he was to have been taken to a doctor’s office for treatment. He was then in custody of a deputy sheriff who momentarily had to go back to the jail to imprison a person in the custody of a United States officer. It was during the temporary absence of the deputy sheriff that defendant took flight, but later was recaptured near Auburn, Alabama, in Lee County.
Defendant was not actually, but constructively, in jail at the time of his flight. According to the pronouncements in Bradford, and Strickland, supra, he was a penitentiary prisoner and subject to § 153, supra.
We note that defendant did not move to exclude the evidence when the State rested, nor did he present a single written charge for the court’s consideration; neither did he file and present a motion for a new trial. For aught appearing, he did not file demurrer that challenged the validity of the indictment. In this respect there is no ruling of the trial court for appellate review.
We are mandated to follow Bradford and Strickland, supra. We are constrained to affirm the judgment. It is so ordered.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.