397 So.2d 163 (1981)
Ex parte Curtis Gene BEHEL.
(Re Curtis Gene Behel v. State of Alabama).
79-340.
Supreme Court of Alabama.
February 5, 1981.
Rehearing Denied March 6, 1981.
Elizabeth T. Cvetetic, Birmingham, for petitioner.
Charles A. Graddick, Atty. Gen., and Samuel J. Clenney, III, Asst. Atty. Gen., for respondents.
FAULKNER, Justice.
Petitioner Behel was convicted of first degree burglary and was sentenced to 40 years in the state penitentiary. Prior to transfer to the penitentiary, Behel escaped from the Lauderdale County Jail, where he was incarcerated. He pleaded guilty to the charge of escape and was sentenced to 45 years to run concurrently with his 40 year burglary sentence.[1]
Prior to sentencing on his first escape conviction, Behel again escaped from the county jail. He was indicted and received a non-jury trial for escape at which he pleaded not guilty. He was convicted and sentenced to 45 years to run concurrently with his prior sentences. After denial of his motions for new trial, he appealed to the Court of Criminal Appeals, which affirmed both escape convictions. We granted Behel's petition for a writ of certiorari to review the record to determine whether he was properly sentenced under § 13-5-65, Code 1975. We hold that he was not, and reverse and remand.
The indictment charging Behel with escape is as follows:
State of Alabama, Lauderdale County, Circuit Court, March Term, 1979. The Grand Jury of said County charge, before the findings of this Indictment, Curtis Gene Behel, whose name is to the Grand Jury otherwise unknown, than as stated, did escape from Billy Townsend, Sheriff of Lauderdale County, Alabama, the person having Curtis Gene Behel in charge under authority of law, before the expiration of the term for which he was sentenced, *164 against the peace and dignity of the State of Alabama. Signed "Lavern Tate, District Attorney, Eleventh Judicial Circuit."
We hold that Behel could not be convicted for escape under § 13-5-65 by this indictment. In Bradford v. State, 146 Ala. 150, 41 So. 471 (1906) (Bradford I), the indictment charged that the defendant who had been duly sentenced to the penitentiary, "did escape before the expiration of his sentence from the county jail of Montgomery County, Alabama." There Mr. Justice Anderson wrote that, "In order for the State to be entitled to a conviction under § 4707 of the Code of 1896 [now § 13-5-65] the proof must show an escape or attempt to escape from the penitentiary, hirer or guard, which was not averred or proven in the case at bar." That case again came up to this Court and was considered in Bradford v. State, 149 Ala. 1, 42 So. 990 (1907) (Bradford II). In an opinion written by Mr. Chief Justice Tyson, the Court held that an indictment that charged the defendant with having been convicted of grand larceny and sentenced to the penitentiary, and attempting to escape before the expiration of his sentence from the county jail where he was in custody under authority of law charged the offense defined in § 4707. Thus Bradford I was overruled.
Bradford II contains this confusing language: "Had the indictment alleged the defendant's attempt to escape before the expiration of his sentence from the sheriff or jailer of Montgomery county having him in charge under authority of law, instead of his attempt to escape from the county jail of Montgomery county where he was held in custody under authority of law, there would scarcely be a diversity of opinion that it was preferred under this statute." Obviously, the Court had in mind that an indictment charging escape from the sheriff or jailer would be prefaced by alleging that the defendant had been convicted of a criminal offense.
Here the indictment alleges that Behel escaped from the sheriff who had him in charge before the expiration of his term for which he was sentenced, but it did not allege that Behel had been convicted of any criminal offense, i. e., burglary, and sentenced to the penitentiary. Therefore, we opine that he could not have been convicted of escape under § 13-5-65.
The Court of Criminal Appeals is reversed and the case remanded to it for entering an order reversing the trial court, and granting Behel a new trial.
REVERSED AND REMANDED.
TORBERT, C. J., and ALMON, EMBRY and BEATTY, JJ., concur.
MADDOX, JONES, SHORES and ADAMS, JJ., dissent.
MADDOX, Justice (dissenting).
The opinion of the Court of Criminal Appeals states that while Behel was "serving a forty-year sentence for a first degree burglary conviction, [he] escaped from the Lauderdale County Jail."
Behel did not request that the Court of Criminal Appeals make additional findings of fact as prescribed by Rule 39(k), ARAP.
Behel does not claim that he was not a convict, nor that he was not guilty of an escape. His contention is contained in his brief filed here, wherein he states:
It is the contention of Appellant that the facts indicate that he did not escape from the penitentiary but from the Lauderdale County Jail, and therefore sentencing should have been made pursuant to Code of Alabama § 13-5-68. "Escapes not Otherwise Provided For," instead of § 13-5-65, "Escapes and Attempts to Escape From Penitentiary or Guard."
This Court goes to the original record, reviews the indictment and concludes that it did not change an offense under § 13-5-65.
Assuming that this Court should have reviewed the matter based upon Behel's inadequate petition, and further assuming this Court should have gone to the original record to obtain facts not apparent on the face of the opinion from the Court of Criminal Appeals, and further assuming that the *165 sufficiency of the indictment to charge the offense for which he was sentenced can be raised for the first time on appeal, I, nevertheless, conclude that the indictment, charging the offense in the language of the statute, not only would support the sentence, but would have been good against demurrer. "[U]nder our system of pleading, indictments are rather a statement of legal conclusions, than of facts. Hochman v. State, 265 Ala. 1, 91 So.2d 500 (1956). An indictment is sufficient if it charges an offense in the language of a statute, and it need not set up proof necessary to a conviction. Finley v. State, 28 Ala.App. 151, 181 So. 123, cert. denied 236 Ala. 161, 181 So. 125 (1938).
Here, the indictment tracked the language of the statute in charging an offense of "escape from a person or guard having him in charge under authority of law." Obviously, the State had to prove that Behel was, in fact, a convict and that he was in lawful custody. Behel makes no claim that these facts were not proved. In fact, the opinion of the Court of Criminal Appeals shows that the allegations of the indictment were proved. I would affirm the judgment entered by the Court of Criminal Appeals.
ADAMS, J., concurs.
NOTES
[1] Reporter's note: a memorandum report of Supreme Court action in this case published at 379 So.2d 632 indicates that the Supreme Court denied the writ on February 8, 1980. That report was in error.