Petitioner Behel was convicted of first degree burglary and was sentenced to 40 years in the state penitentiary. Prior to transfer to the penitentiary, Behel escaped from the Lauderdale County Jail, where he was incarcerated. He pleaded guilty to the charge of escape and was sentenced to 45 years to run concurrently with his 40 year burglary sentence.[1]
Prior to sentencing on his first escape conviction, Behel again escaped from the county jail. He was indicted and received a non-jury trial for escape at which he pleaded not guilty. He was convicted and sentenced to 45 years to run concurrently with his prior sentences. After denial of his motions for new trial, he appealed to the Court of Criminal Appeals, which affirmed both escape convictions. We granted Behel's petition for a writ of certiorari to review the record to determine whether he was properly sentenced under § 13-5-65, Code 1975. We hold that he was not, and reverse and remand.
The indictment charging Behel with escape is as follows:
 State of Alabama, Lauderdale County, Circuit Court, March Term, 1979. The Grand Jury of said County charge, before the findings of this Indictment, Curtis Gene Behel, whose name is to the Grand Jury otherwise unknown, than as stated, did escape from Billy Townsend, Sheriff of Lauderdale County, Alabama, the person having Curtis Gene Behel in charge under authority of law, before the expiration of the term for which he was sentenced, *Page 164 
against the peace and dignity of the State of Alabama. Signed "Lavern Tate, District Attorney, Eleventh Judicial Circuit."
We hold that Behel could not be convicted for escape under § 13-5-65 by this indictment. In Bradford v. State, 146 Ala. 150,41 So. 471 (1906) (Bradford I), the indictment charged that the defendant who had been duly sentenced to the penitentiary, "did escape before the expiration of his sentence from the county jail of Montgomery County, Alabama." There Mr. Justice Anderson wrote that, "In order for the State to be entitled to a conviction under § 4707 of the Code of 1896 [now § 13-5-65] the proof must show an escape or attempt to escape from the penitentiary, hirer or guard, which was not averred or proven in the case at bar." That case again came up to this Court and was considered in Bradford v. State, 149 Ala. 1, 42 So. 990
(1907) (Bradford II). In an opinion written by Mr. Chief Justice Tyson, the Court held that an indictment that charged the defendant with having been convicted of grand larceny and sentenced to the penitentiary, and attempting to escape before the expiration of his sentence from the county jail where he was in custody under authority of law charged the offense defined in § 4707. Thus Bradford I was overruled.
Bradford II contains this confusing language: "Had the indictment alleged the defendant's attempt to escape before the expiration of his sentence from the sheriff or jailer of Montgomery county having him in charge under authority of law, instead of his attempt to escape from the county jail of Montgomery county where he was held in custody under authority of law, there would scarcely be a diversity of opinion that it was preferred under this statute." Obviously, the Court had in mind that an indictment charging escape from the sheriff or jailer would be prefaced by alleging that the defendant had been convicted of a criminal offense.
Here the indictment alleges that Behel escaped from the sheriff who had him in charge before the expiration of his term for which he was sentenced, but it did not allege that Behel had been convicted of any criminal offense, i.e., burglary, and sentenced to the penitentiary. Therefore, we opine that he could not have been convicted of escape under § 13-5-65.
The Court of Criminal Appeals is reversed and the case remanded to it for entering an order reversing the trial court, and granting Behel a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and BEATTY, JJ., concur.
MADDOX, JONES, SHORES and ADAMS, JJ., dissent.
[1] Reporter's note: a memorandum report of Supreme Court action in this case published at 379 So.2d 632 indicates that the Supreme Court denied the writ on February 8, 1980. That report was in error.