409 So.2d 885 (1982)
Ex parte Henry T. JACQUES.
(Re Henry T. Jacques v. State of Alabama).
80-687.
Supreme Court of Alabama.
January 8, 1982.
Rehearing Denied February 5, 1982.
Jeffrey C. Duffey of Duffey & Wallace, Montgomery, for petitioner.
Charles A. Graddick, Atty. Gen., for respondent.
PER CURIAM.
Affirmed on the authority of Ex parte Mickey Ellison [MS. January 8, 1982], ___ So.2d ___ (1982).
AFFIRMED.
All Justices concur.

*886 ON REHEARING
PER CURIAM.
On application for rehearing, petitioner says his case should not have been affirmed on the basis of Ex parte Mickey Ellison, 410 So.2d 130 (1982), because, he says, he raised the issue of the sufficiency of the indictment at trial and on direct appeal.
We examined the opinion of the Court of Criminal Appeals on Jacques's original appeal to determine the manner in which he raised the sufficiency of the indictment. The issue concerning the indictment which the petitioner raised on direct appeal [Jacques v. State, 376 So.2d 821 (Ala.Crim.App. 1979) ], we find, was as follows:
He claimed that there was a fatal variance between the indictment and proof at trial. The Court of Criminal Appeals addressed this issue in its opinion and ruled adversely to the petitioner.
Upon further consideration, we still conclude that Jacques did not raise the sufficiency of the indictment at his original trial or on appeal. The essence of his argument on rehearing is that had he known about this Court's opinion in Behel v. State, 397 So.2d 163 (Ala.1981), he would have raised the issue then and not now by coram nobis. In fact, he candidly admits that "[t]he decision in Behel was a fact that could not be discovered until this Court had ruled on it." He claims that these facts are sufficient grounds for coram nobis. We disagree.
OPINION EXTENDED. APPLICATION FOR REHEARING OVERRULED.
All Justices concur.