BARRON, Judge.
Larry Wade Phelps was indicted by a Coffee County Grand Jury during its Spring 1979 term for escape. He was tried and convicted by a jury on September 21, 1981, and was sentenced to seven years.
The escape occurred on March 2, 1979, from the holding room of the Coffee County Courthouse in Enterprise, shortly after appellant had been taken into custody by the Coffee County Sheriff’s Department on a fugitive warrant from the Alabama Board of Corrections.
Appellant had previously, in 1977, been convicted of a marijuana possession charge and had been sentenced to five years. He was paroled from that sentence in July, 1978, and the fugitive warrant in the present case was for violation of that parole. He was arrested in Milton, Florida, and was extradicted to Coffee County on June 17, 1981.
*767 I
Appellant was prosecuted under Ala. Code § 13-5-65 (1975), which provides:
- “Any convict who escapes or attempts to escape from the penitentiary or from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary, before the expiration of the term for which he was sentenced, shall, on conviction, be imprisoned for an additional term of not less than one year.”
The charging part of the indictment is as follows:
“Larry Wayne Phelps ... a convict, did escape from B. F. Whigham, Deputy Sheriff of Coffee County, Alabama, who had him in charge under authority of law before the expiration of the term of which he was sentenced. .. . ”
Appellant contends that the indictment is defective in that it failed to allege (1) that appellant had been sentenced to the penitentiary, (2) an escape from a penitentiary or penitentiary guard, and (3) whether the escape was from within or without the walls of the penitentiary. He relies on Behel v. State, 397 So.2d 163 (Ala.1981).
The material portions of the indictment in Behel, which were held to be defective, were as follows:
“Curtis Gene Behel ... did escape from Billy Townsend, Sheriff of Lauderdale County, Alabama, the person having Curtis Gene Behel in charge under authority of law before the expiration of the term for which he was sentenced. ...”
The court in Behel held the indictment to be defective in that “it did not allege that Behel had been convicted of any criminal offense, i.e., burglary, and sentenced to the penitentiary.”
Behel is distinguished from the ease at bar in that the indictment here identified appellant as “a convict.” The term “convict” as used in the statute and the indictment necessarily implies that one has been convicted of a felony and is serving a term in the penitentiary for that conviction.
In Ex parte Gayles, 108 Ala. 514, 19 So. 12 (1895), the court held that “state convicts embrace all that class of persons convicted of crime and sentenced to hard labor for the State in the penitentiary.”
One who has been sentenced and is serving the sentence in a State prison is a “convict” within the meaning of the statute relating to forcibly attempting to escape. Duncan v. State, 158 Me. 265, 183 A.2d 209 (1962).
The indictment sufficiently alleges the lawfulness of the custody in the allegation that appellant escaped from a deputy sheriff “who had him in charge under authority of law.”
In Black v. State, 401 So.2d 320 (Ala.Crim.App.1981), this court held that an indictment charging first degree escape from a “penal facility” sufficiently alleged the lawfulness of the custody.
The phraseology of the statute “either within or without the walls of the penitentiary” is mere surplusage which is not necessary in an indictment if it is otherwise made clear that the accused is the one charged with escape from the custody of the penitentiary or one of its lawful agents.
The due process requirements for a sufficient indictment are outlined in Summers v. State, 348 So.2d 1126 (Ala.Crim.App.), cert. denied, 348 So.2d 1136 (Ala.), cert. denied, 435 U.S. 981, 98 S.Ct. 1633, 56 L.Ed.2d 75 (1977), as follows:
“An indictment should be specific in its averments in four prime aspects to insure this guaranty: (a) to identify the accusation lest the accused should be tried for an offense different from that intended by the grand jury; (b) to enable the defendant to prepare for his defense; (c) that the judgment may inure to his subsequent protection and foreclose the possibility of being twice put in jeopardy for the same offense; and (d) to enable the Court, after conviction, to pronounce judgment on the record.”
Based on the above, we find that the indictment in this case was clearly sufficient.
*768 II
Appellant complains that he was not represented by court appointed counsel, contrary to his rights as an indigent defendant. The record reveals that an attorney was appointed for appellant, and that he requested that the court dismiss his court appointed attorney during a hearing on August 17, 1981. Appellant further requested that he be allowed to represent himself and, in fact, did represent himself at his trial. The trial court again gave appellant notice of his rights to be represented by a court appointed attorney on this appeal of his conviction. He responded, “I would rather represent myself” (R. 50). We find that appellant’s rights to appointed counsel were preserved for him at every stage of these proceedings, and we find no error in the trial court’s rulings in this regard.
III
Appellant alleges that he was not furnished a transcript of the proceedings at the trial level, contrary to his rights as an indigent defendant. The record by which we are bound on appeal, reveals (R. 44) that a copy of the transcript was timely served on appellant. Thus, we find no error.
The judgment of the circuit court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.