AFTER REMAND FROM THE ALABAMA SUPREME COURT
TAYLOR, Judge.
On March 27, 1979, the appellee was tried and convicted for unlawful escape from the Covington County Jail, in violation of § 13-5-65, Code of Alabama 1975, and was sentenced to 30 years’ imprisonment. His conviction was affirmed in Ellison v. State, 373 So.2d 1247 (Ala.Cr.App. 1979). Subsequently, the appellee filed a *957 petition for writ of error coram nobis in the Circuit Court of Covington County, in which he alleged for the first time that his conviction for escape was void because the indictment was void under Ex parte Behel, 397 So.2d 163 (Ala.1981). His petition was denied by the trial court, and we affirmed that decision without opinion. Ellison v. State, 410 So.2d 130 (Ala.Cr.App.1981). The Alabama Supreme Court also affirmed the trial court’s denial of the writ, holding that although there was merit in Ellison’s argument, a writ of error coram nobis was not the proper vehicle for redressing such an error. Ex parte Ellison, 410 So.2d 130, 132 (Ala.1982).
On January 23, 1985, Ellison filed a petition for writ of habeas corpus with the Circuit Court of Escambia County, once again arguing that his indictment for unlawful escape was insufficient under Ex parte Behel, supra. After holding a hearing to consider the merits of Ellison’s petition, the trial court ruled that his indictment for escape was fatally deficient and void, and set aside Ellison’s conviction and sentence. An appeal was taken by the State, and on March 11, 1986, this Court affirmed the trial court’s decision without opinion, 486 So.2d 525. On September 26, 1986, 513 So.2d 956, the Alabama Supreme Court remanded appellee’s case to us for reconsideration in light of the decisions in Phelps v. State, 416 So.2d 766 (Ala.Cr.App. 1982), and Jacques v. State, 409 So.2d 876 (Ala.Cr.App.1981), aff'd, 409 So.2d 885 (Ala.1982).
After reconsidering our decisions in these two cases, we conclude that the trial court erred in granting the appellee’s petition for a writ of habeas corpus. The indictment alleged that “Micky Ellison, alias Mickey Ellison, a convict, whose name is otherwise unknown to the grand jury, did, willfully and unlawfully escape from the Covington County Jail, Andalusia, Alabama, where Sheriff W. E. Harrell had him in charge under authority of law, before the expiration of the term for which he was sentenced.” Alabama law requires that an indictment for escape must specifically allege that the accused, at the time of his escape, was properly imprisoned due to his conviction for a criminal offense. Ex parte Behel, 397 So.2d 163, 164 (Ala.1981). It is readily apparent that the indictment against the appellee did not state in so many words that he was properly imprisoned due to his conviction for a criminal offense. The indictment did, however, state that the appellee was a convict. We have previously held that the term “convict,” as used in our escape statute and in a subsequent indictment charging an accused with escape necessarily implied that the accused had been convicted of a felony and was serving a term in the penitentiary for that conviction as required to support a conviction under the escape statute. Phelps v. State, 416 So.2d 766, 767 (Ala.Cr.App.1982). We have upheld the sufficiency of an indictment which expressly charged that the defendant was “a convict” and that he did willfully and unlawfully escape from a place where a person “had him in charge under authority of law, before the expiration of the term for which he was sentenced.” Jacques v. State, 409 So.2d 876, 878 (Ala.Cr.App.1981), aff'd, 409 So.2d 885 (Ala.1982).
A review of the appellant’s escape indictment indicates that the charge against him was couched in the same terms as those found in Jacques, supra. Both individuals were identified as convicts. Each was charged with willfully and unlawfully escaping from a place where a person “had him in charge under authority of law, before the expiration of the term for which he was sentenced.” In light of the fact that such charging language was held sufficient in the indictment contested in Jacques, supra, we hold it sufficient in the present case. Thus, the appellant’s indictment for escape was not fatally deficient and void, and the conviction and sentence should not have been set aside.
This case is therefore reversed and remanded with instructions to reinstate the judgment of conviction and sentence.
REVERSED AND REMANDED.
All the Judges concur.