BOWEN, Presiding Judge.
This is an appeal from a resentencing following the granting of a petition for writ of error coram nobis.
Edward Smith was convicted of rape and sentenced to life imprisonment without pa *643 role as a habitual felony offender. That conviction was affirmed on appeal. Smith v. State, 409 So.2d 455 (Ala.Cr.App.1981). In 1986, Smith filed a petition for writ of error coram nobis alleging that he was improperly sentenced as a habitual offender because one of the prior convictions was a federal conviction as a youthful offender, which had been “automatically expunged” and which did not show that he had been represented by counsel. In an amended petition, Edwards further alleged that the two other convictions used to enhance his sentence were not “properly provable.” Edwards also contended that his trial counsel was ineffective for failing to object to the admission of the three prior convictions.
An evidentiary hearing was held on the allegations of the coram nobis petition and the circuit judge found that “one of those prior felonies that [the trial judge] considered should have been a misdemeanor.” The circuit judge also found that trial counsel “did a marvelous job” and “used proper judgment.” The circuit judge then set aside the sentence of life without parole and sentenced Edwards to life imprisonment as a habitual offender with two prior convictions. On conviction of rape in the first degree, a defendant with two prior felony convictions “must be punished by imprisonment for life of for any term of not less than 99 years.” Alabama Code 1975, § 13A-5-9(b)(3).
On direct appeal of his conviction, Smith raised the issue that the trial court erred in the sentencing hearing by admitting “improper” evidence of his three prior felony convictions. This Court noted that the specific objections raised on appeal were not the same objections raised in the trial court and further that “the appellant’s testimony solicited by his counsel on direct examination that he had been convicted of these three prior felonies certainly was proper proof of these convictions.” Smith, 409 So.2d at 459 (emphasis in original). At the coram nobis hearing, Smith’s appointed counsel stated, “We are stating unequivocally that we believe these [two] are proper convictions because they were admitted on the stand.” When asked if he had anything to say before being resentenced, Smith responded, “No, sir.” Now, on appeal from the resentencing following the granting of his coram nobis petition, Smith challenges those two convictions.
The issues presented in the petition were either raised on direct appeal or could have been. Coram nobis is not available for use as a “delayed appeal of issues which could have been decided at the initial trial or on direct appeal.” Ex parte Ellison, 410 So.2d 130, 132 (Ala.1982); Ex parte Jacques, 409 So.2d 885, 886 (Ala.1982). Issues which were dealt with on direct appeal or which could have been are not cognizable in a coram nobis proceeding. Luke v. State, 484 So.2d 531, 532 (Ala.Cr.App.1985). “[C]oram nobis does not lie to relitigate issues raised and decided on direct appeal.” Coulter v. State, 494 So.2d 895, 898 (Ala.Cr.App.1986).
There is no documentary evidence of Smith’s two prior convictions contained in the record before this Court. Consequently, there is nothing to refute counsel’s admission and the circuit judge’s finding that those convictions are proper. The objections Smith now raises on appeal were not presented to the circuit judge at the evidentary hearing on the coram nobis petition.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.